[No. 51026-6-I.   Division One.   February 17, 2004.]

PAUL E. SIMMERLY, *Respondent*, v. EDWARD M. MCKEE, ET AL., *Appellants*.

*Daniel R. Reitman* (of *Meadowland Legal Services*), for appellants.

*Robert C. Kaufman*, for respondent.

COLEMAN, J. — Following mandatory arbitration, the arbitrator in this action for unpaid attorney fees perfected filing of his award as to appellants Edward M. McKee and EME Funding Corporation, but did not initially perfect filing as to Jennifer McKee. The superior court subsequently denied all three parties' requests for de novo review of the award and entered judgments against them. The central issue on appeal is whether, under the Mandatory Arbitration Rules, the time period for a party to request a trial de novo commences when the arbitrator perfects filing of the award as to that party or when filing is perfected as to all parties. For the reasons set forth below in the published portion of the opinion, we conclude that the first interpretation is the more reasonable. Because Edward McKee and EME did not request de novo review within the requisite time period, the superior court properly denied their requests for de novo review. In the unpublished portion of the opinion, we conclude that Jennifer McKee did not waive her right to such review by failing to attend arbitration and her request for trial de novo was timely. We reverse the judgment and remand for a trial de novo.

## FACTS

Attorney Paul Simmerly sued Edward McKee, Jennifer McKee, their marital community, and their corporation,

EME Funding Corp.,[1] for unpaid attorney fees. The matter proceeded to mandatory arbitration. Edward McKee attended the arbitration hearing, but Jennifer did not. The arbitrator awarded Simmerly $22,769 against "Edward M. McKee and Jennifer McKee, husband and wife and EME . . . ." He initially served only Edward McKee and EME with copies of the award.

The McKees hired an attorney to pursue a trial de novo. The attorney failed to pay the full filing fee within the 20-day time limit for requesting a trial de novo. The superior court then notified the McKees that the time limit could not be extended and that no trial de novo date would be set. The McKees moved for relief under CR 60(b)(1). They argued in part that Edward and EME's request for a trial de novo was timely because the arbitrator had failed to perfect filing as to Jennifer and, therefore, the time period for requesting de novo review had not commenced. They also argued that Jennifer's failure to appear at the arbitration hearing did not waive her right to a trial de novo because her husband appeared at the hearing on her behalf. The court denied the motion, but noted that Jennifer had not been served and declined to make any ruling as to her ability to seek a trial de novo.

Shortly thereafter, the arbitrator filed proof of service on Jennifer McKee. The arbitrator's declaration of mailing stated in part that Jennifer "failed to participate at the hearing and, in fact, failed to attend the hearing at all."

Jennifer subsequently filed her own request for a trial de novo. Simmerly moved for entry of judgment on the arbitration award, arguing that Jennifer had not participated in the arbitration hearing and had, therefore, waived her right to request a trial de novo. In reply, Edward and Jennifer filed declarations, stating in part that Edward appeared on Jennifer's behalf at the hearing. The superior court, without comment, entered judgment against the McKees and EME. They appeal.

---

[1] The McKees are the sole shareholders and officers of EME.

## DECISION

Edward McKee and EME contend the superior court erred in concluding that their request for a trial de novo was untimely. They argue that the time period for requesting a trial de novo did not commence until the arbitrator perfected filing of his award on all parties, including Jennifer McKee. We disagree.

██ Interpretation of the arbitration rules is a matter of law, which we review de novo. *Manius v. Boyd*, 111 Wn. App. 764, 766-67, 47 P.3d 145 (2002). Under MAR 7.1(a), a party seeking de novo review of an arbitration award must file a request "[w]ithin 20 days after the arbitration award is filed . . . ." MAR 6.2 provides that the arbitrator "shall file the award with the clerk of the superior court, with proof of service of a copy *on each party*." (Emphasis added.) Similarly, RCW 7.06.050(1) provides that "the arbitrator shall file his decision and award . . . , together with proof of service thereof on *the parties*" (emphasis added), and that a party requesting de novo review must do so within 20 days of "such filing." Our Supreme Court has strictly interpreted these provisions, holding that filing of an arbitration award is not perfected and the 20-day period does not commence until the arbitrator files both the award and proof of service. *Roberts v. Johnson*, 137 Wn.2d 84, 90-93, 969 P.2d 446 (1999) (citing MAR 6.2, 7.1(a); RCW 7.06.050). The question here is whether the 20-day period commences only after proof of service has been filed as to *all* parties. We conclude it does not.

██ We apply the same basic principles of construction to court rules and statutes: where the language being construed is unambiguous, we give it its plain meaning; where it is ambiguous, we construe it to fulfill the drafter's intent. *Roberts*, 137 Wn. 2d at 92; *City of Bellevue v. Hellenthal*, 144 Wn.2d 425, 431, 28 P.3d 744 (2001). The statutes and court rules at issue in this case are ambiguous. They can reasonably be read as starting the 20-day time limit for requesting a trial de novo upon the filing of either

proof of service as to *all* parties or proof of service on individual parties. In construing these provisions, we find instructive our decision in *Wells v. Western Washington Growth Management Hearings Board*, 100 Wn. App. 657, 997 P.2d 405 (2000).

In *Wells*, we considered whether an appeal time limit under the APA (Adminstrative Procedures Act) commences "when the petitioning party is served with the final order or when all parties of record have been served with the final order." *Wells*, 100 Wn. App. at 678. After finding the relevant statutes ambiguous, we reasoned as follows:

> The terms of the statute and policy considerations weigh in favor of reading RCW 34.05.542(2) to begin the 30-day petition period with respect to an individual petitioner upon service of the final order on that petitioner. First, while the Legislature expressly requires service of the petition itself on "all parties of record," that language is not included in the portion of the statute dealing with service of the final agency order. Second, the purpose of requiring service of the final order is to notify the parties of the agency's decision. Once a particular party has received the notice, it is not prejudiced by a requirement that it file a petition for review within 30 days of that notice. Nor does this rule prejudice the ability of other parties of record to participate in review proceedings. Those parties will have notice of any petition for review of the agency's order. Finally, in cases involving large numbers of parties, there is a heightened possibility that an underfunded, understaffed agency will accidentally fail to serve one or more parties, as was the case here.

*Wells*, 100 Wn. App. at 678-79 (footnote omitted). Most of this reasoning applies equally here.

■ While MAR 7.1(a) expressly requires service of a request for a trial de novo on "all other parties appearing in the case," that language is not included in the rule governing the arbitrator's filing of proof of service. And, as in *Wells*, the purpose of requiring service of the arbitrator's decision is to notify the parties of that decision. Once a particular party receives notice, the arbitrator has perfected filing as to that party and there is no prejudice in

requiring that party to request de novo review within 20 days. This furthers the primary goal of mandatory arbitration, which is to reduce delays in hearing civil cases. *Perkins Coie v. Williams*, 84 Wn. App. 733, 737, 929 P.2d 1215 (1997). Finally, interpreting the rules and statutes in this way does not prejudice the ability of other parties of record to participate in review proceedings because they will receive notice of any request for a trial de novo.

In sum, we conclude that the 20-day period for a party to request a trial de novo runs from the date the arbitrator files the award and proof of service on that party. Accordingly, Edward McKee's and EME's requests for a trial de novo were untimely.

We reverse the judgment and remand for a trial de novo.

The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.

BAKER and SCHINDLER, JJ., concur.

Motions for reconsideration denied March 30, 2004.

Review denied at 152 Wn.2d 1033 (2004).