118 P.3d 373 (2005)
Matthew SETO, a single person, Appellant,
v.
AMERICAN ELEVATOR, INC., a Washington corporation, Respondent.
No. 54705-4-I.
Court of Appeals of Washington, Division 1.
August 22, 2005.
*374 Tucker F. Blair, Blair & Meeker LLP, Scott A. Sayre, Brown Sayre PLLP, Seattle, for Appellant.
Erik B. Anderson, Jerrett E. Sale, Deborah L. Carstens, Bullivant Houser Bailey PC, Seattle, for Respondent.
SCHINDLER, J.
¶ 1 The trial court denied Matthew Seto's request for a trial de novo as untimely under the Mandatory Rules of Arbitration (MAR). The question presented is whether service must be complete before the 20-day time period to request a trial de novo begins. The plain language of MAR 7.1 says that the 20-day period to file a request for trial de novo begins on the day the award is filed with the clerk. We conclude the arbitrator's MAR 6.2 obligation to file "proof of service" when filing the award does not extend the 20-day period by the time it takes to complete service. Because Seto filed his request for trial de novo 21 days after the award was filed, the trial court correctly entered judgment on the arbitration award. We affirm.

FACTS
¶ 2 The facts are undisputed. Matthew Seto sued American Elevator, Inc., and the case proceeded to arbitration. On April 28, the arbitrator ruled in favor of American Elevator and by e-mail provided the attorneys with a copy of the arbitration award and the certificate of mailing. The arbitrator said in the e-mail that he would file the award "no later than" April 29.
¶ 3 The arbitrator filed the arbitration award and the certificate of mailing on April 28 with the King County Clerk. The certificate states:
I certify under penalty of perjury under the laws of the State of Washington that I mailed on this date a copy of the ARBITRATION AWARD, properly addressed and postage prepaid, to the parties listed. . . .[1]
¶ 4 Seto received his copy of the arbitration award in the mail on April 29. He filed a request for trial de novo on May 19, which was 21 days after the arbitrator filed the award and certificate of mailing and 20 days after Seto received his copy. On May 21, the King County Superior Court Arbitration Department filed a "Notice of Waiver of Right to Trial De Novo."[2] Citing MAR 7.1, the Notice states that because the arbitration award and proof of service were filed on April 28, Seto's request for trial de novo was untimely. On May 24, American Elevator *375 filed a motion to set aside Seto's request for a trial de novo and asked the court to enter judgment on the arbitration award. The court entered judgment on the arbitration award and Seto appeals.

ANALYSIS
¶ 5 Seto contends that the MAR 7.1 20-day period for the aggrieved party to file a request for a trial de novo should not begin until the party has actually received service of the arbitration award. His argument is based on the "proof of service" language in MAR 6.2.
¶ 6 MAR 6.2 FILING OF AWARD, provides in pertinent part:
Filing and Service of Award. Within 14 days after the conclusion of the arbitration hearing, the arbitrator shall file the award with the clerk of the superior court, with proof of service of a copy on each party.
¶ 7 MAR 7.1 REQUEST FOR TRIAL DE NOVO, provides:
(a) Service and Filing. Within 20 days after the arbitration award is filed with the clerk, any aggrieved party not having waived the right to appeal may serve and file with the clerk a written request for a trial de novo in the superior court along with proof that a copy has been served upon all other parties appearing in the case. The 20-day period within which to request a trial de novo may not be extended.
If the aggrieved party does not request a trial de novo by the 20-day deadline in MAR 7.1(a), the prevailing party is entitled to entry of judgment on the award. MAR 6.3.
¶ 8 Interpretation and construction of a court rule is a question of law reviewed de novo. Nevers v. Fireside, Inc., 133 Wash.2d 804, 809, 947 P.2d 721 (1997). Our Supreme Court has strictly interpreted the requirements of MAR 7.1. See Roberts v. Johnson, 137 Wash.2d 84, 90-93, 969 P.2d 446 (1999); Simmerly v. McKee, 120 Wash.App. 217, 84 P.3d 919, rev. denied, 152 Wash.2d 1033, 103 P.3d 201 (2004). The MAR implement the basic procedural requirements of RCW 7.06.050.[3]
¶ 9 Seto argues that the words "proof of service" in MAR 6.2 should be interpreted as requiring the arbitrator to effect actual and completed service before filing a certificate of proof of service.[4] Seto contends his interpretation is preferable because it would be more consistent with the proof of service requirement in MAR 7.1.
¶ 10 The unambiguous language of MAR 6.2 requires "proof of service." Where the language in a court rule is unambiguous, "we give it its plain meaning." Only where language is ambiguous do we construe it to fulfill what we discern to be the drafter's intent. Simmerly, 120 Wash.App. at 221, 84 P.3d 919. "Proof of service" is a term of art. It does not mean proof that the party has actually received service. Id., at 222, 84 P.3d 919.
¶ 11 The drafters used the language "proof of service" in MAR 6.2 rather than using the MAR 7.1 language, "has been served." If the drafters had intended MAR 6.2 to require actual service or proof that a copy of the award "has been served" as stated in MAR 7.1, they would have used the same language. See Id. at 221, 84 P.3d 919. We conclude that by using the phrase "proof of service" in MAR 6.2 the drafters approved the use of a certificate or affidavit indicating that the arbitrator had put the award in the mail. The drafters did not require the arbitrator to certify that service was complete. The 20-day period for filing a request for a *376 trial de novo under MAR 7.1 begins to run when the arbitrator has filed both the award and proof of service under MAR 6.2. Roberts, 137 Wash.2d at 92, 969 P.2d 446.[5]
¶ 12 This interpretation of MAR 6.2 is supported by our decision in Terry v. City of Tacoma, 109 Wash.App. 448, 36 P.3d 553 (2001), and the recent Supreme Court decision in Alvarez v. Banach, 153 Wash.2d 834, 109 P.3d 402 (2005). In Terry, the aggrieved party served a request for trial de novo on the opposing party, and then filed a copy of the request with a "received" stamp from the clerk's office and the opposing attorney's office. Terry, 109 Wash.App. at 451, 36 P.3d 553. The trial court held that the request for trial de novo did not strictly comply with MAR 7.1 because the manner of service of the request was not stated, and dismissed the litigant's request as untimely. Id. at 451, 36 P.3d 553. This court reversed and held that the requirement of MAR 7.1(a) for "proof that a copy has been served," does not mandate an affidavit of service, but only "some evidence" of time, place and manner of service. Id. at 457, 36 P.3d 553. To reach this conclusion, the court in Terry described and contrasted the language used in MAR 7.1 with the language in MAR 6.2:
MAR 7.1 does not use the phrase `proof of service,' but rather requires proof that a copy [of the trial de novo request] has been served.' It is well established that when different words are used in the same statute we will presume that the legislature intended a different meaning to attach to each word . . . Here, the drafters of the MAR chose not to use the phrase proof of service'; therefore, they must have contemplated something different from proof of service' as it is ordinarily understood. This is more than mere semantics, for proof of service' is a term of art meaning an affidavit attested by the person who effected service.[6]
¶ 13 In Alvarez, the Supreme Court held that by using the past tense in MAR 7.1 to require that the request for trial de novo must be filed "along with proof that a copy has been served upon all other parties appearing in the case," the drafters intended that the opposing party had actually received service of the request for trial de novo. Alvarez, 153 Wash.2d at 840, 109 P.3d 402 (emphasis added). By contrast, the drafters did not use the past tense in MAR 6.2. We must therefore conclude that the drafters did not intend the opposing party to actually receive service of the request for trial de novo. An interpretation of the language used in MAR 6.2 that requires something other than what a strict reading of the rule requires is not in accord with the appellate courts' strict interpretation of the MAR. See, Simmerly, 120 Wash.App. at 221, 84 P.3d 919.
¶ 14 Our interpretation defeats Seto's argument that he actually could have waited until May 23 to file his request because under CR 5(b)(2)(A) and CR 6(e) service was not complete until three days after the award was mailed on April 28.[7] These rules which provide that service by mail is deemed complete three days after mailing, do not change the time when the 20-day MAR 7.1 period begins to run. And MAR 6.2 does not require completed service, only that the arbitrator file "proof of service."

CONCLUSION
¶ 15 We conclude the unambiguous language of MAR 6.2, which requires the arbitrator to file "proof of service" together with the award, is satisfied by proof that the award has been put in the mail. MAR 6.2 *377 does not require the arbitrator to wait until service is complete before the arbitrator files "proof of service" and thereby starts the running of the MAR 7.1 20-day time period. Here, the arbitrator complied with MAR 6.2 when he filed the award and certificate of mailing on April 28. Seto's request for trial de novo 21 days later was untimely. We affirm the trial court's decision to enter judgment on the arbitration award. American Elevator is entitled to attorneys' fees on appeal under MAR 7.3 after compliance with RAP 18.1.[8]
BECKER, J., concurs.
APPELWICK, J (dissenting)
I respectfully dissent.
The question is not whether the 20-day period for filing a request for trial de novo following a mandatory arbitration can be enlarged. Clearly it cannot. MAR 7.1 says so. The question is when the 20-day period commences.
The Supreme Court made it clear that the arbitrator merely filing the award is not sufficient. Roberts v. Johnson, 137 Wash.2d at 92, 969 P.2d 446. As Terry v. City of Tacoma notes, Roberts holds the 20-day period to file for trial de novo is tolled until the arbitrator files both the award and the proof of service. Terry, 109 Wash.App. at 454, 36 P.3d 553. Roberts involved ineffective proof of service in a personal service case.
This case involves service by mail, but the question here is not whether the arbitrator took the proper steps to comply with MAR 6.2. In this case it is undisputed that the arbitrator mailed the award to Seto, filed the award with the court, and filed the certificate of mailing the award all on the same day. The certificate of mailing was a proper form of "proof of service" under CR 5(b)(2)(B). These steps comply with MAR 6.2. The question is when the acts which were taken to comply with MAR 6.2 became effective to commence the 20-day appeal period under MAR 7.1.
MAR 1.3(b)(2) makes it clear that CR 5 applies to service of all papers in a MAR proceeding. Under CR 5(b)(2)(A) it is clear that service is complete on the third day following the day upon which the papers are placed in the mail (the exception for weekends and holidays is not relevant here). The Supreme Court cited CR 5(b)(2)(A) for the proposition that, "Proof of service by mail is not deemed complete until the third day after mailing." Alvarez v. Banach, 153 Wash.2d at 838, 109 P.3d 402 (emphasis added).
MAR 1.3(b)(3) states unambiguously that time must be computed under CR 6(a) and (e). Further, CR 6(e) makes it clear that "whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or [some] other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."
Applied to the facts here, service and the proof of service filed by the arbitrator did not become effective until three days after the award was filed with the court and mailed to Seto. The 20-day period in which to file the notice of appeal was tolled an additional three days by virtue of service by mail; it was not enlarged as the majority characterizes it.
The interpretation given by the majority creates a rule which provides a 20-day appeal period for a party served with the arbitrator's award by personal service, but an appeal period of less than 20 days for a party served with the award by mail. We would not interpret the proof of service as being effective upon filing if it provided the party will be personally served with the award three days after it was filed. Nor should we interpret effective date of proof of service on a party served by mail to be the date of filing, when service will not be effective as a matter of law until three days after mailing and when doing so has the effect of shortening the appeal period.
*378 By serving the award by mail the arbitrator tolled the 20-day appeal period an additional three days. Seto filed the notice of appeal on the 18th day of the 20-day appeal period. The notice of appeal was timely. The trial court erred in dismissing the appeal.
I would reverse.
NOTES
[1] Clerk's Papers (CP) at 56.
[2] CP at 4.
[3] RCW 7.06.050(1) provides:

Following a hearing as prescribed by court rule, the arbitrator shall file his decision and award with the clerk of the superior court, together with proof of service thereof on the parties. Within twenty days after such filing, any aggrieved party may file with the clerk a written notice of appeal and request for a trial de novo in the superior court on all issues of law and fact. Such trial de novo shall thereupon be held, including a right to jury, if demanded.
[4] Here, there is no dispute the proof of service was a certificate of an attorney that conformed to the requirements of CR 5(b)(2)(B). According to this rule, "proof of service" by mail means an affidavit or certificate from the person who mailed the papers. CR 5(b)(2)(B).
[5] This means the aggrieved party may have fewer than 20 days after receiving service to file for a trial de novo.
[6] Terry, 109 Wash.App. at 457, 36 P.3d 553.
[7] CR 5(b)(2)(A) provides:

If service is made by mail, the papers shall be deposited in the post office addressed to the person on whom they are being served, with the postage prepaid. The service shall be deemed complete upon the third day following the day upon which they are placed in the mail
. . .
CR 6(e) provides:
Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period.
[8] The court in Kim v. Pham, 95 Wash.App. 439, 446-47, 975 P.2d 544 (1999), interpreted MAR 7.3 "as requiring a mandatory award of attorney fees when one requests a trial de novo and does not improve their position at trial because they failed to comply with requirements for proceeding to a trial de novo such as MAR 7.1(a)."