[No. 77751-9.   En Banc.]
Argued September 21, 2006.     Decided March 8, 2007.

MATTHEW SETO, *Petitioner*, v. AMERICAN ELEVATOR, INC., *Respondent*.

*Scott A. Sayre* (of *The Law Offices of Scott A. Sayre*) and *Tucker F. Blair* (of *Blair & Meeker, LLP*), for petitioner.

*Jerret E. Sale* and *Deborah L. Carstens* (of *Bullivant Houser Bailey, PC*) and *Erik B. Anderson* (of *Safeco Insurance Company*), for respondent.

¶1 ALEXANDER, C.J. — In this case, we review a Court of Appeals decision affirming denial of Matthew Seto's request for a trial de novo after his lawsuit against American Elevator, Inc., was submitted to mandatory arbitration. Under the Mandatory Arbitration Rules (MAR), Seto had 20 days within which to request a trial de novo after the arbitrator filed the arbitration award and proof of service. The issue is when the 20-day period begins to run. We hold that the 20-day period to request a trial de novo begins once service of the arbitration award is complete. Thus, when service is made by mail, the 20-day period will be presumed

to begin on the third day after the award is mailed, unless the third day is a Saturday, Sunday, or legal holiday. Consequently, we reverse the decision of the Court of Appeals and remand to the superior court for a trial de novo.

I

¶2 Neither party disputes the material facts of this case. Seto filed a civil suit against American Elevator in King County Superior Court. The suit was subsequently transferred to the arbitration department of that court. It was heard there by a court-appointed arbitrator on April 27, 2004.

¶3 The arbitrator returned an award for the defense, American Elevator, on April 28, 2004. The arbitrator then e-mailed a copy of the award to both parties' attorneys, along with an unsigned, undated certificate of mailing. The e-mail stated that the arbitrator would file the award and certificate of mailing "no later than tomorrow (April 29th, 2004)." Clerk's Papers (CP) at 24.

¶4 That same day, April 28, the arbitrator filed the award, along with a certificate of mailing as proof of service. The certificate of mailing stated that the arbitrator mailed a copy of the arbitration award to the attorneys for each party on April 28, 2004. Both parties' attorneys received the award and certificate of mailing via United States mail the following day, April 29.

¶5 On May 19, 20 days after receiving the award and certificate by mail and 21 days after the documents were filed by the arbitrator, Seto filed and served a request for trial de novo, pursuant to MAR 7.1. Two days later, the King County Superior Court arbitration director issued a notice of waiver of right to trial de novo, explaining that Seto had failed to file his request within the 20 days allowed by MAR 7.1. Following receipt of that notice, American Elevator filed a motion in superior court asking the court to set aside Seto's request for a trial de novo and to enter a

final judgment on the arbitration award. The trial judge granted American Elevator's motion, holding that the request for trial de novo was "not timely filed." CP at 43.

¶6 Seto appealed the decision of the superior court judge to the Court of Appeals, Division One, which affirmed the superior court in a divided opinion. *Seto v. Am. Elevator, Inc.*, 129 Wn. App. 146, 147-48, 118 P.3d 373 (2005). We granted Seto's petition for review. *Seto v. Am. Elevator, Inc.*, 157 Wn.2d 1002 (2006). Seto contends on appeal that filing of an arbitration award is ineffective until service is complete. He asserts, therefore, that the 20-day period for filing a request for trial de novo did not start running in this case until service was completed.

II

¶7 The Washington Constitution guarantees the right to a jury trial in both criminal and civil cases. CONST. art. I, § 21.[1] The legislature has, however, authorized counties of sufficient size to require parties in certain types of civil cases to submit to mandatory arbitration. RCW 7.06.010-.020. The procedures for such arbitration are laid out in the MAR. To preserve the right to jury trial in cases subjected to mandatory arbitration, the legislature further provided:

> [T]he arbitrator shall file his decision and award with the clerk of the superior court, together with proof of service thereof on the parties. Within twenty days after such filing, any aggrieved party may file with the clerk a written notice of appeal and request for a trial de novo in the superior court on all issues of law and fact. Such trial de novo shall thereupon be held, including a right to jury, if demanded.

RCW 7.06.050(1).

¶8 MAR 7.1(a), which is derived from the above statute, details the rules for "Service and Filing" of a request for a trial de novo. It provides, in pertinent part:

---

[1] This applies to civil cases only when they are "purely legal in nature." *Brown v. Safeway Stores, Inc.*, 94 Wn.2d 359, 365, 617 P.2d 704 (1980).

> Within 20 days after the arbitration award is filed with the clerk, any aggrieved party not having waived the right to appeal may serve and file with the clerk a written request for a trial de novo in the superior court along with proof that a copy has been served upon all other parties appearing in the case. The 20-day period within which to request a trial de novo may not be extended.

MAR 6.2, which also derives from RCW 7.06.050(1), contains similar language describing requirements for the "filing and service" of the arbitration award:

> Within 14 days after the conclusion of the arbitration hearing, the arbitrator shall file the award with the clerk of the superior court, with proof of service of a copy on each party. On the arbitrator's application in cases of unusual length or complexity, the arbitrator may apply for and the court may allow up to 14 additional days for the filing and service of the award.

We have previously interpreted the wording of MAR 7.1(a) and 6.2 to mean that "the 20-day period begins to run only when both the award *and proof of service thereof* have been filed." *Roberts v. Johnson*, 137 Wn.2d 84, 92, 969 P.2d 446 (1999) (emphasis added). Thus, the question before us is what "proof of service of a copy on each party" means. Specifically, this court must determine whether proof of service can be properly filed before service is complete or whether the phrase presumes that service is complete before proof thereof is filed.

¶9 The interpretation of a court rule is a question of law that is reviewed de novo. *Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 809, 947 P.2d 721 (1997). Court rules, including the MAR, are interpreted in the same manner as statutes, as though they had been drafted by the legislature. *Id.* Where a statute is clear on its face, "its meaning is to be derived from the language of the statute alone." *Kilian v. Atkinson*, 147 Wn.2d 16, 20, 50 P.3d 638 (2002) (citing *State v. Keller*, 143 Wn.2d 267, 276, 19 P.3d 1030 (2001)). A statutory term that is not defined in a statute "should be given its 'usual and ordinary meaning.'" *Burton v. Lehman*,

153 Wn.2d 416, 422, 103 P.3d 1230 (2005) (quoting *State v. Hahn*, 83 Wn. App. 825, 832, 924 P.2d 392 (1996)).

¶10 Here, American Elevator urges us to hold that the only reasonable interpretation of MAR 6.2 is the one adopted by the Court of Appeals in this case: "the drafters did not intend the [parties] to actually receive service of the [arbitration award]."[2] *Seto*, 129 Wn. App. at 151-52. This does *not* strike us as a reasonable interpretation. If the drafters of the MAR had not intended the parties to be served with the arbitration award, they presumably would not have required proof of service to be filed at all. Rather, "proof of service" would seem to require that service actually occur.

¶11 We have previously applied this path of reasoning to MAR 7.1. In *Nevers*, we concluded that, because the request for a trial de novo must be filed " 'along with' " proof of service, such a request is only effective where there was also "timely service *and* filing of proof of that service." *Nevers*, 133 Wn.2d at 812. The requirement of proof of service "leads logically to a conclusion" that the parties must actually be served *before* the request for trial de novo can be considered complete and properly filed.[3] *Id.* at 811.

¶12 In a subsequent decision, we held that the reasoning in *Nevers* was also applicable to MAR 6.2. *Roberts*, 137 Wn.2d at 90. Like MAR 7.1, MAR 6.2 requires proof of service to be filed along with the document at issue. Thus, applying the reasoning of *Nevers*, MAR 6.2 also

---

[2] The Court of Appeals actually said: "the drafters did not intend the opposing party to actually receive service of the request for trial de novo." *Seto*, 129 Wn. App. at 151-52. However, the context of the conclusion indicates that it meant to refer to the arbitration award (filing of which *is* governed by MAR 6.2), rather than the request for trial de novo (filing of which is instead governed by MAR 7.1).

[3] An amendment to MAR 7.1 has been proposed that would eliminate this requirement. The purpose of the amendment is "to remedy the result in *Nevers v. Fireside, Inc.*, . . . and its progeny" by removing "the express requirement that service of the request occur within the 20-day period" and the requirement that proof of service also be filed within the 20-day period. Proposed amendment to MAR 7.1, 156 Wn.2d Proposed-108 (Official Advance Sheet No. 1, Jan. 17, 2006). The proposed amendment has been published, but no further action has been taken.

requires completed service before filing can be considered complete.

¶13 Our conclusion is further supported by the second sentence of MAR 6.2, which the Court of Appeals did not discuss. In deriving the meaning of a statute, courts should "read the statute in its entirety," rather than isolating individual phrases. *Keller*, 143 Wn.2d at 277. Construction that would render a portion of a statute "meaningless or superfluous" should be avoided, as should a construction that would yield "unlikely" or "absurd" results. *Id.* The second sentence of MAR 6.2 affords the arbitrator additional time "for the filing *and service* of the award" in certain circumstances. (Emphasis added.) It would be absurd to read this difference in wording between the first and second sentences to mean that actual service is only required when additional time is granted, while proof of service is only required in standard cases. Rather, the phrase "the filing and service of the award" in the second sentence can be reasonably interpreted to refer to the filing of the award and proof of service discussed in the first sentence. Thus, the wording of the second sentence clarifies that actual service was contemplated as part of the "proof of service" requirement.

¶14 Rather than looking to the second sentence of MAR 6.2, the Court of Appeals focused on the difference in language between MAR 6.2 and MAR 7.1(a). Citing *Terry v. City of Tacoma*, 109 Wn. App. 448, 36 P.3d 553 (2001), and *Alvarez v. Banach*, 153 Wn.2d 834, 109 P.3d 402 (2005), the Court of Appeals concluded that the distinction between the two MARs demonstrates the intent for only MAR 7.1(a) to require actual service. *Seto*, 129 Wn. App. at 150-51. However, *Terry* explained that the slight difference in wording alters the form required to prove successful service: " 'some evidence,' " rather than a formal affidavit, as " 'proof of service' " would connote. *Terry*, 109 Wn. App. at 457. In *Alvarez*, we confirmed this conclusion. Neither case states or implies that service is not required by MAR 6.2; rather the cases explain that less is required under MAR 7.1 than under

MAR 6.2 because the parties need not prove service by affidavit.

¶15 Furthermore, in *Roberts*, we looked at the same language that is at issue here and expressly declined to rule that the drafters of MAR 6.2 and MAR 7.1 "intended virtually the same language . . . to have different meanings." *Roberts*, 137 Wn.2d at 91. The Court of Appeals used the conclusion of *Roberts*—that proof of service must be filed for the 20 days to begin—to conclude that *only* proof of service, not actual service, is required. *See Seto*, 129 Wn. App. at 150. However, its conclusion is unsupported by our actual opinion in *Roberts*.

¶16 Requiring completion of service before the 20-day period begins also serves to prevent the injustice that Seto pointed out: to rule otherwise would give people served personally longer to appeal than people served by mail. Allowing service by mail affords a convenience to the server; it should not penalize the party receiving service by mail by shortening the period for response. This concern is reflected in Superior Court Civil Rule (CR) 6(e), which provides three additional days for responses to papers served by mail. Although the 20 days allowed under MAR 7.1 cannot be extended, the start of the period can be tolled in cases of service by mail, just as it would be in cases not submitted to arbitration.

¶17 Because we find that the proof of service required by MAR 6.2 is not complete until service is complete, actual notice of the award, which is not properly served, cannot be substituted for completed service. Seto appears to have received actual notice of the award by e-mail on April 28, 2004; however, an e-mail is not a proper form of service under CR 5(b), nor is it authorized as a form of service under the MAR. Furthermore, the e-mail provided no actual filing date, stating only two possible filing dates. Therefore, the e-mail was insufficient to trigger the start of Seto's 20 days for filing.

¶18 Having concluded that service must be complete before the 20-day period begins, we next address when

service should be considered complete. MAR 1.3(b)(1) provides that the MAR, rather than the CR, governs arbitration procedure after a case has been assigned to an arbitrator, "except where an arbitration rule states that a civil rule applies." MAR 1.3(b)(2) requires: "After a case is assigned to an arbitrator, all pleadings and other papers shall be served in accordance with CR 5 and filed with the arbitrator." Service requirements, such as acceptable forms of service, are not addressed anywhere else in the MAR. Presumably, then, the drafters of the MAR intended MAR 1.3(b)(2) to apply to all documents requiring service under the MAR, regardless of whether filed by a party or by the arbitrator. Therefore, service of an arbitration award is governed by CR 5.

¶19 CR 5(b)(2) provides for service by mail. It describes both how service by mail must be made and permissible forms of proof of service by mail. It also specifically provides:

> The service shall be deemed complete upon the third day following the day upon which they are placed in the mail, unless the third day falls on a Saturday, Sunday or legal holiday, in which event service shall be deemed complete on the first day other than a Saturday, Sunday or legal holiday, following the third day.

CR 5(b)(2)(A). Thus, there is a presumption that service by mail is not complete until the third day after mailing. *Jones v. Stebbins*, 122 Wn.2d 471, 477, 860 P.2d 1009 (1993).

¶20 In this case, under the CR 5(b)(2) presumption, the 20 days for filing a request for a trial de novo would not have started to run until May 1, 2004, three days after the arbitrator mailed the award.[4] Thus, the 20 days Seto had to file a request for a trial de novo began on May 1 and ended on May 21. Because Seto filed that request, properly served, on May 19, his request was timely. We therefore reverse the

---

[4] We need not address whether this presumption was rebutted by Seto's admission that he actually received service on April 29, the day after the award was mailed. Whether the 20-day period began upon actual receipt of service (April 29) or three days after mailing (May 1), Seto's request was timely.

Court of Appeals decision that affirmed its dismissal as untimely. We need not reach Seto's alternative contention that his constitutional right to a jury trial was violated.

## III

■ ¶21 American Elevator requested an award of attorney fees and costs on appeal. MAR 7.3 requires a court to award "costs and reasonable attorney fees incurred after a request for a trial de novo" to the prevailing party when an arbitration award is appealed and the appellant "fails to improve [his or her] position on the trial de novo." Because we find that Seto's request for a trial de novo was timely and remand for a trial de novo, we cannot rule on the issue at this time. We do note, however, that American Elevator complied with the requirement in Rule of Appellate Procedure 18.1(b) that a "party must devote a section of its opening brief to the request for the fees." Thus, the award of fees is dependent on whether Seto improves his position through the trial de novo, a question that cannot be answered now.

## IV

¶22 We conclude that MAR 6.2 requires proof of completed service. The 20-day period for requesting a trial de novo does not begin until proof of completed service is filed, along with the award. When service is by mail, service is presumed to be complete on the third day after mailing, unless that third day is a Saturday, Sunday, or legal holiday. Accordingly, in this case, Seto had 23 days after the award was mailed in which to file a request for a trial de novo. Since Seto did file a request 21 days after the award was mailed, his request was timely and should have been granted. We reverse the Court of Appeals decision and remand the case to the superior court for a trial de novo.

C. JOHNSON, MADSEN, SANDERS, BRIDGE, CHAMBERS, OWENS, FAIRHURST, and J.M. JOHNSON, JJ., concur.