# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MOHAMMAD HAMID VIDA,<br><br>               Appellant,<br><br>           v.<br><br>YONG PARK and SANG PARK,<br><br>               Respondents. | DIVISION ONE<br><br>No. 83831-8-I<br><br>UNPUBLISHED OPINION |

DWYER, J. — The Superior Court Civil Arbitration Rules (SCCAR) dictate that a party requesting a trial de novo following an arbitration award must file and serve that request within 20 days of the date of service of the award. Mohammad Vida had until December 6, 2021 to file and serve his request for a trial de novo. Finding that his request for a trial de novo was untimely served, the trial court struck Vida's request and entered judgment on the arbitration award. Because Vida's request for a trial de novo was both filed and served within 20 days of the date that the arbitrator served the award on the parties, we reverse the trial court's order and remand for further proceedings.

I

Vida filed a lawsuit against Yong and Sang Park for breach of an oral contract to serve as construction manager of a home on the Park's real property in Kenmore, Washington. The Parks filed a counterclaim against Vida for negligent, intentional, and fraudulent misrepresentation arising from Vida's

various representations about the construction project.  Because both parties' claims were for less than $100,000, the parties were referred to mandatory arbitration.

On November 12, 2021, the arbitrator filed the arbitration award with the Snohomish County Clerk.  Therein, the arbitrator awarded $0 to Vida and $49,123 to the Parks.  The arbitrator simultaneously filed a certificate of mailing, certifying that he sent copies of the award to both parties by United States mail on November 12, 2021.

On December 1, 2021, Vida, acting pro se, filed a request for a trial de novo.  Therewith, Vida filed a certificate of mailing, certifying that he sent a copy of the request via United States mail to the Parks' attorney on December 1, 2021.  The envelope containing the request was postmarked December 4, 2021.  The Parks' attorney received the copy of the request on December 6, 2021.

The Parks moved to strike Vida's request for a trial de novo on the ground that it was untimely served.  They also moved to enter judgment on the arbitration award.  The trial court granted the Parks' motions, striking Vida's request for a trial de novo and entering judgment on the arbitration award.  It also awarded attorney fees to the Parks.

Vida appeals.

II

Vida asserts that the trial court erred by striking his request for a trial de novo.  This is so, he argues, because he timely served the Parks within 20 days of the date the arbitration award was served on the parties.  We agree.

2

We review issues of statutory interpretation de novo. Hanson v. Luna-Ramirez, 19 Wn. App. 2d 459, 461, 496 P.3d 314 (2021). "We interpret a court rule as though it were enacted by the legislature, giving effect to its plain meaning as an expression of legislative intent." State v. Chhom, 162 Wn.2d 451, 458, 173 P.3d 234 (2007). If the rule is ambiguous, we construe the rule to fulfill the intent of the drafter. Simmerly v. McKee, 120 Wn. App. 217, 221, 84 P.3d 919 (2004).

In December 2019, the Supreme Court amended the Mandatory Arbitration Rules (MAR) and renamed them the SCCAR. SCCAR 7.1(a)[1] now reads as follows:

> Any aggrieved party not having waived the right to appeal may request a trial de novo in the superior court. Any request for a trial de novo must be filed with the clerk and served, in accordance with CR 5, upon all other parties appearing in the case within 20 days after the arbitrator files proof of service of the later of: (1) the award or (2) a decision on a timely request for costs or attorney fees. A request for a trial de novo is timely filed or served if it is filed or served after the award is announced but before the 20-day period begins to run. The 20-day period within which to request a trial de novo may not be extended.

Failure to strictly comply with this rule is fatal to the request for a trial de novo, and the trial court's authority is limited to entry of judgment on the arbitration award. Nevers v. Fireside, Inc., 133 Wn.2d 804, 811, 947 P.2d 721 (1997).

In Seto v. American Elevator, Inc., 159 Wn.2d 767, 769, 154 P.3d 189 (2007), our Supreme Court held that the 20-day period to request a trial de novo

---

[1] Although the parties both refer consistently to MAR 7.1, there is no dispute that SCCAR 7.1 is the operative rule in this matter, as all proceedings occurred after the effective date of the amended rules.

under MAR 7.1 begins once service of the award is complete. MAR 7.1 stated in pertinent part:

> Within 20 days after the arbitration award is filed with the clerk, any aggrieved party not having waived the right to appeal may serve and file with the clerk a written request for a trial de novo in the superior court along with proof that a copy has been served upon all other parties appearing in the case.

The court held that this rule, as well as MAR 6.2, must be read in conjunction with CR 5.[2] Seto, 159 Wn.2d at 775-76. Pursuant to CR 5(b)(2)(A), service of "pleadings and other papers"

> shall be deemed complete upon the third day following the day upon which they are placed in the mail, unless the third day falls on a Saturday, Sunday, or legal holiday, in which event service shall be deemed complete on the first day other than a Saturday, Sunday or legal holiday, following the third day.

Given this rule, the court held that if an arbitrator serves the arbitration award on the parties by mail, the 20-day period to request a trial de novo does not begin to run until the third day after mailing. Seto, 159 Wn.2d at 769-70.

Contrary to the Parks' argument, the amendment to SCCAR 7.1 did not supersede Seto. SCCAR 7.1 starts the 20-day clock when "the arbitrator files proof of service." This is consistent with, not contrary to, the Supreme Court's

---

[2] Unlike the arbitration rules, which are to be strictly construed, the civil rules are to be applied more generously so as to "secure the just, speedy, and inexpensive determination of every action." CR 1. As explained by our Supreme Court:

> CR 1 requires Washington courts to interpret the court rules in a manner "that advances the underlying purpose of the rules which is to reach a just determination in every action." Burnet v. Spokane Ambulance, 131 Wn.2d 484, 498, 933 P.2d 1036 (1997). The court rules are intended to allow the court to reach the merits of an action. Sheldon v. Fettig, 129 Wn.2d 601, 609, 919 P.2d 1209 (1996). "'[W]henever possible, the rules of civil procedure should be applied in such a way that substance will prevail over form.'" Griffith v. Bellevue, 130 Wn.2d 189, 192, 922 P.2d 83 (1996) (quoting First Fed. Sav. & Loan Ass'n v. Ekanger, 93 Wn.2d 777, 781, 613 P.2d 129 (1980)).

Spokane County v. Specialty Auto & Truck Painting, Inc., 153 Wn.2d 238, 245, 103 P.3d 792 (2004).

decision in Seto. Indeed, the respondent in Seto had argued that MAR 6.2's requirement that the arbitrator file proof of service in the court meant that MAR 7.1 must be read to start the 20-day clock when proof of service was filed, not when service was actually completed. 159 Wn.2d at 773. The Supreme Court rejected this argument, holding instead that the requirement that proof of service be filed "'leads logically to a conclusion' that the parties must actually be served *before* the request for trial de novo can be considered complete and properly filed." Seto, 159 Wn.2d at 773 (quoting Nevers, 133 Wn.2d at 811). The amendment to SCCAR 7.1 adopted the "proof of service" language that had previously been used in MAR 6.2, from which it can only be assumed that the adopters of the rule (the Supreme Court) intended SCCAR 7.1 to encompass the Supreme Court's holding in Seto. Indeed, reading SCCAR 7.1 in such a manner is necessary to "prevent the injustice" of "giv[ing] people served personally longer to appeal than people served by mail." Seto, 159 Wn.2d at 775.

When SCCAR 7.1 is viewed in its entirety, it is apparent that the amendments to the rule were designed to address an entirely different issue. Whereas MAR 7.1 started the 20-day clock at the date the arbitrator served the parties with a copy of the award, SCCAR 7.1 now starts the clock at the service of "the later of: (1) the award or (2) a decision on a timely request for costs or attorney fees." This demonstrates that the rule was amended to account for arbitrators who issued rulings on attorney fees separate from the arbitration award, rather than to eliminate the presumption called for in CR 5(b)(2)(B).

Here, the arbitrator served the award on the parties via mail on November

5

12, 2021.  Thus, the 20-day clock did not begin to run until November 15, 2021.

Vida had until December 6, 2021[3] to request a trial de novo, not December 2 as

the Parks argue.

There is no dispute that Vida timely filed his request for a trial de novo on

December 1.  However, in Nevers, our Supreme Court held that under MAR 7.1,

a request for trial de novo is not timely unless it has been filed *and* served on the

other parties within 20 days of the date of service of the arbitration award.  133

Wn.2d at 811.  The operative language of the rule upon which the court relied

required that the party requesting a trial de novo file the request "along with

proof" of service.  Nevers, 133 Wn.2d at 811.  Although SCCAR 7.1(c) removed

the requirement that a party file proof of service within 20 days, the amended rule

now plainly states, "Any request for a trial de novo must be filed with the clerk

*and served* . . . within 20 days."  SCCAR 7.1(a) (emphasis added).  Accordingly,

Vida must both have filed his request for a trial de novo *and* served it on the

Parks on or before December 6, 2021.

CR 5(b)(2)(B) provides that the acceptable forms of proof of service by

mail are "written acknowledgment of service, by affidavit of the person who

mailed the papers, or by certificate of an attorney."  If a party files one of these

forms, the date of service is deemed to be three days after the date given on the

proof of service and the presumption cannot be rebutted.  Vanderpol v. Schotzko,

136 Wn. App. 504, 509, 150 P.3d 120 (2007).

Along with his request for a trial de novo, Vida filed a certificate of mailing

[3] Twenty days from November 15 is December 5.  December 5, 2021 was a Sunday.

certifying that he sent a copy of the request to the Parks' attorney on December 1, 2021. If Vida's certificate of mailing constituted acceptable proof of service under CR 5(b)(2)(B), then service is deemed complete as of December 6, 2021. No evidence presented could refute this presumption and service was therefore timely. On the other hand, if Vida's certificate of mailing does not constitute acceptable proof of service, then the only proof of service on record is the envelope displaying a postmark of December 4, 2021. If this piece of evidence controls, then service was not timely.

Vida's certificate of mailing is not a written acknowledgement of service, nor is it an affidavit of the person who mailed the papers.[4] Accordingly, Vida's certificate of mailing can only constitute adequate proof of service under CR 5 of process if it qualifies as a "certificate of an attorney." At the time that the request for trial de novo was filed, Vida was representing himself pro se. Thus, whether service of Vida's request for a trial de novo is timely turns entirely on whether a pro se litigant, in the circumstances of this case, qualifies as an "attorney" within the ambit of CR 5.

Our court has addressed this issue only once, in Houston v. Dick Hannah Motors, noted at 127 Wn. App. 1029, 2005 WL 1178170. Although this opinion has no precedential value and is not binding upon us, see GR 14.1, we nevertheless find its reasoning persuasive. In Houston, Judge Morgan, writing for a panel of judges from Division Two of this court, held that a certificate of

---

[4] Written statements or declarations do not constitute affidavits unless they are made under penalty of perjury. See RCW 5.50.050.

7

mailing filed by a pro se litigant was sufficient proof of service under CR 5.  The opinion so held because

> [a] party acting as his or her own attorney bears the burden of "comply[ing] with all applicable procedural rules" to the same extent as if he or she were an attorney. We perceive no reason why a party bearing that burden should not receive the corresponding benefits as well, provided that such benefits are limited to the particular case.

Houston, noted at 127 Wn. App. 1029, 2005 WL 1178170, at *2 (footnote omitted).

We agree.  Our courts have long held that "the law does not distinguish between one who elects to conduct his or her own legal affairs and one who seeks assistance of counsel—both are subject to the same procedural and substantive laws."  In re Marriage of Wherley, 34 Wn. App. 344, 349, 661 P.2d 155 (1983).  This is true whether the procedural rules are designed to burden counsel or to benefit them.  To hold otherwise would penalize litigants who choose to represent themselves pro se by depriving them of a means of service that is otherwise generally available.

Reading the word "attorney" in CR 5 to include those who represent themselves pro se is consistent with the overall purpose of the civil rules.  CR 1 dictates that the rules of procedure are to be construed "to secure the just, speedy, and inexpensive determination of every action."  In accordance with this purpose, "'the rules of civil procedure should be applied in such a way that substance will prevail over form.'"  CalPortland Co. v. LevelOne Concrete LLC, 180 Wn. App. 379, 395, 321 P.3d 1261 (2014) (quoting First Fed. Sav. & Loan

8

Ass'n of Walla Walla v. Ekanger, 93 Wn.2d 777, 781-82, 613 P.2d 129 (1980)).

We hold that Vida's certificate declaring that he mailed a copy of the request for trial de novo on December 1, 2021 constitutes adequate proof of service. Service should have been deemed complete as of December 6, 2021, the Monday after December 4. As this fell within the 20-day window for service, service of the request for trial de novo was timely. Accordingly, the trial court erred by striking Vida's request for a trial de novo.

III

The Parks request attorney fees on appeal pursuant to RAP 18.1 and SCCAR 7.3. SCCAR 7.3 states that "[t]he court shall assess costs and reasonable attorney fees against a party who appeals the award and fails to improve the party's position on the trial de novo." Because Vida's request for trial de novo was timely filed, any decision on whether Vida has failed to improve his position is premature. The Parks should not have been awarded attorney fees by the trial court, and they are not entitled to an award of fees on appeal. Accordingly, we direct the trial court to vacate its award of attorney fees to the Parks.

Reversed and remanded for further proceedings.

WE CONCUR:

Birk, J.          Bowman, J.