# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| LDRC BAR, LLC, a Washington limited liability company; RACHEL BARLEY, an individual; and CHRISTOPHER MARTINEZ, an individual, | No. 86598-6-I |
| Appellants, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| J SQUARED, INC, a Washington corporation, | |
| Respondent, | |
| BMGO, LLC, a Washington limited liability company; MEL ORELLANA and BRIDGET ORELLANA, and the marital community comprised thereof, | |
| Defendants. | |

BIRK, J. — The parties agree on the issue presented: When an arbitrator makes an award under RCW 7.06.050(1) and SCCAR 6.2, does the arbitrator accomplish service of the award on a *party* by service of the award on the *party's attorney*? We answer yes, and affirm.

The action was decided at arbitration in favor of J Squared Inc. The arbitrator certified service of the award to the parties' counsel. LDRC Bar LLC filed a trial de novo request, signed only by its attorney, and not the party itself. More than 20 days after the arbitrator served the award, J Squared moved to strike the request, because it lacked the party's signature, as required by SCCAR 7.1(b) and

RCW 7.06.050(1). LDRC did not dispute that its trial de novo request lacked the party's signature, and instead argued that its 20 day window to file the trial de novo request had never started to run because the arbitrator had served the award on the parties' counsel, not the parties themselves. The superior court granted J Squared's motion to strike and LDRC appeals.

LDRC argues that because under RCW 7.06.050(1), "signed by the party" means the party itself, and not counsel, then where RCW 7.06.050(1) elsewhere requires, proof of service "on the parties," then service "on the parties" must also mean the party itself, and not counsel. Under this interpretation, the arbitrator's service on the parties' counsel would not have satisfied proof of service "on the parties," as required under RCW 7.06.050(1). Without such service, LDRC reasons that the 20 day clock to file its trial de novo request never started to run. RCW 7.06.050(1).

Questions of statutory interpretation are reviewed de novo. Crossroads Mgmt., LLC v. Ridgway, 2 Wn.3d 528, 538, 540 P.3d 82 (2023). We interpret court rules, including the arbitration rules, " 'as though they were drafted by the legislature.' " Id. at 537 (quoting Nevers v. Fireside, Inc., 133 Wn.2d 804, 809, 947 P.2d 721 (1997)). We review the application of a court rule or law to the facts de novo. Id. at 537-38.

RCW 7.06.050(1) provides that a party has 20 days after an arbitration award is filed to file a trial de novo request:

> Following a hearing as prescribed by court rule, the arbitrator shall file his or her decision and award with the clerk of the superior court, *together with proof of service thereof on the parties.* Within twenty

2

days after such filing, any aggrieved party may file with the clerk a written notice of appeal and request for a trial de novo in the superior court on all issues of law and fact. *The notice must be signed by the party.* Such trial de novo shall thereupon be held, including a right to jury, if demanded.

(Emphasis added.) In 2018, the legislature added the requirement that "[t]he notice must be signed by the party." Hanson v. Luna-Ramirez, 19 Wn. App. 2d 459, 461, 496 P.3d 314 (2021) (citing LAWS OF 2018, ch. 36, § 6). "This signature requirement essentially abrogates an attorney's authority as an agent to sign the [trial de novo] request on behalf of the aggrieved party." Crossroads, 2 Wn.3d at 539.

Pursuant to RCW 7.06.030, the Washington Supreme Court has promulgated rules and procedures to implement mandatory arbitration of civil actions. Crossroads, 2 Wn.3d at 538. SCARR 1.3(b)(2) addresses service: "After a case is assigned to an arbitrator, all pleadings and other papers shall be served in accordance with CR 5 and filed with the arbitrator." "Therefore, service of an arbitration award is governed by CR 5." Seto v. Am. Elevator, Inc., 159 Wn.2d 767, 776, 154 P.3d 189 (2007). CR 5(b)(1) outlines how service is made on a represented party: "Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service directly upon the party is ordered by the court."

LDRC's argument conflates the question of *who* must be served with the question of *how* service is accomplished upon that person. RCW 7.06.050(1) requires that the party be served, but the rules provide through CR 5(b)(1) that this is to be accomplished, in the absence of an order by the court to the contrary, by

3

service on the party's attorney when the party is represented by one. This sets up no inconsistency in the meaning of the word "party" in RCW 7.06.050(1). It is still the party itself being served, albeit in the particular manner the rules direct.

Here, the arbitrator certified that she mailed copies of the arbitration award to the attorneys for LDRC and J Squared on February 5, 2024. This satisfied the service requirements of RCW 7.06.050(1), CR 5, and SCARR 1.3(b)(2), so, the clock started to run for LDRC to request a trial de novo. As LDRC does not dispute, the trial de novo request that it filed before the resulting deadline expired was noncompliant. The superior court correctly granted J Squared's motion to strike the trial de novo request and entered judgment in favor of J Squared.

Affirmed.

_Birk, J._

WE CONCUR:

_Feldman, J._          _Smith, C.J._

4