[No. 8986-2-I. Division One. June 7, 1982.]

SHARON CLAUDINE HAMILL, *Appellant,* v. GARY LEE BROOKS, ET AL, *Respondents.*

*Lanning & Bryan* and *Robert S. Bryan,* for appellant.

*James J. Stanton,* for respondents.

WILLIAMS, J.—This appeal from a summary judgment of

dismissal raises an issue concerning proper proof of service of process. We reverse.

The facts are these: Sharon Claudine Hamill filed an action for damages arising out of an automobile accident against Gary Lee Brooks on May 25, 1979, shortly before the statute of limitations bar became effective June 6. On June 9, Brooks' sister-in-law was served with a summons and complaint at her home which was listed with the United States Postal Service as Brooks' mailing address. Sometime between June 9 and June 26 Brooks' brother gave the summons and complaint to him personally in King County. Brooks called Hamill's attorney reporting the receipt of the papers and asking where he was to be in court. The attorney told him to give the summons and complaint to his insurance company which had taken care of a previous action brought by the attorney arising out of the same accident. The 90-day period allowed for service of the summons and complaint following filing of the action by RCW 4.16.170 expired on August 23.

By October, when no appearance had been made, Hamill moved for default. Brooks countered by appearing specially and moved for summary judgment contending that the statute of limitations had run. The trial court agreed and granted the motion and dismissed the action.

Brooks admitted in a sworn deposition that he received the summons and complaint from his brother while living with a friend in Burien, Washington. The time was established through Brooks' deposition and the affidavit of Robert Bryan, Hamill's attorney, as being in June 1979.

The following portion of CR 4(g)(5), (7) provides:

Proof of service shall be as follows:

. . .

(5) The written acceptance or admission of the defendant, his agent or attorney;

. . .

(7) In case of service otherwise than by publication, the return, acceptance, admission, or affidavit must state the time, place, and manner of service. Failure to make proof of service does not affect the validity of the service.

■ Great care must be taken to insure that the rules for service of process are followed. All reasonable steps must be taken to insure that the defendant has been apprised of the action and told, in the summons, what to do about it. *Thayer v. Edmonds,* 8 Wn. App. 36, 503 P.2d 1110 (1972). Brooks' admission is the best possible evidence that he received the summons and complaint.

The judgment is reversed and the cause remanded for further proceedings.

ANDERSEN, C.J., and DURHAM, J., concur.