[No. 26014-0-II. Division Two. November 9, 2001.]

RUSSELL O. TERRY, ET AL., *Appellants*, v. THE CITY OF TACOMA, ET AL., *Respondents*.

*Brett A. Purtzer* (of *Law Offices of Monte E. Hester, Inc., P.S.*), for appellants.

*Robin S. Jenkinson, City Attorney,* and *Jean P. Homan, Assistant,* for respondents.

QUINN-BRINTNALL, J. — Russell Terry and his girl friend Robin Edwards (Terry) appeal from a trial court order dismissing their suit against the City of Tacoma on the grounds that they failed to timely file proof of service along with their timely request for trial de novo of an arbitrator's decision. We hold *Nevers*[1] "strict compliance" is limited to the timing of the filings required before a trial de novo is perfected. Thus, we remand for a hearing to determine whether the presence of "date received" stamps from both the opposing party's attorney and the clerk's office on the original document filed with the court prove that there was personal service.

## FACTS

Terry sued the City under 42 U.S.C. § 1983 and common law tort for alleged injuries resulting from a 1996 incident involving Tacoma police officers.[2] After bringing the case in Pierce County Superior Court, Terry filed a statement of arbitrability, waiving damages in excess of the $35,000 maximum under the Mandatory Arbitration Rules (MAR). The case was transferred to arbitration, and a hearing was held November 6, 1998, with William R. Michelman presiding. He ruled in the City's favor.

---

[1] *Nevers v. Fireside, Inc.,* 133 Wn.2d 804, 809, 947 P.2d 721 (1997).

[2] The police officers entered and searched the Terry home in hot pursuit of a shooting suspect. Unfortunately, they had the wrong apartment number. Once they learned Terry was not the right person, the police apologized and left the home.

Ten days later (on November 16, 1998), Michelman filed the arbitration award with the Pierce County Superior Court by legal messenger and served counsel a copy of the award and letter decision by mail. He did not immediately file proof of service.

Terry filed a timely request for trial de novo on December 4, 1998, and served the request on the City. Terry also filed a copy of the trial de novo request showing a "received" stamp from both the County Clerk's Office and the Tacoma City Attorney Civil Division (defendant's counsel).[3]

In January 2000, before the arbitrator filed proof of service of the arbitration award, the parties stipulated to a continuance of the trial de novo. The arbitrator then filed proof of service of the award on February 10, 2000, more than a year after the date the award was filed. Approximately two months after that, on April 20, the City moved to strike the trial de novo request, arguing insufficient proof of service.

At the hearing on the City's motion, Terry asserted that the Clerk's and City Attorney's stamps on the original request for trial de novo, both showing the same date, conclusively establish that the document was personally served and thus satisfy the requirement of proof of service. The City did not claim it was not served, nor even dispute the manner in which it was served. Rather, its objection was a technical one: that the document proffered as Terry's proof of service does not expressly indicate the manner in which the request for trial de novo was served. Relying on *Nevers*, the City argued that strict compliance requires that the proof of service state the manner of service outright. Expressing the opinion that *Nevers* mandated dismissal, the trial judge granted the City's motion. Terry appeals.

---

[3] The one-page document is stamped in the upper left hand corner with "RECEIVED DEC 04 1998 TACOMA CITY ATTORNEY CIVIL DIVISION" and in the middle right hand side with "FILED IN COUNTY CLERK'S OFFICE DEC 04 1998 PIERCE COUNTY, WASHINGTON TED RUTT, COUNTY CLERK BY _____DEPUTY." Clerk's Papers at 66.

452

STANDARD OF REVIEW

Under statute and the Mandatory Arbitration Rules, any aggrieved party in arbitration is entitled to a trial de novo in superior court. RCW 7.06.050;[4] MAR 7.1-7.3. In order to exercise this option, however, the party must comply with the following procedural scheme. First, within 14 days of the arbitration hearing, the arbitrator must file the arbitration award with the clerk of the superior court, along with proof of service of same on each party. MAR 6.2.[5] Within 20 days of this filing, the party seeking a trial de novo with the superior court must file a request for same with the clerk of the court, along with "proof that a copy has been served" on all other parties appearing in the case. MAR 7.1(a).[6] This 20-day period cannot be extended, and if the aggrieved party fails to make such filings within the 20-day period, the prevailing party shall present a judg-

---

[4] RCW 7.06.050 states as follows:

Following a hearing as prescribed by court rule, the arbitrator shall file his decision and award with the clerk of the superior court, together with proof of service thereof on the parties. Within twenty days after such filing, any aggrieved party may file with the clerk a written notice of appeal and request for a trial de novo in the superior court on all issues of law and fact. Such trial de novo shall thereupon be held, including a right to jury, if demanded.

If no appeal has been filed at the expiration of twenty days following filing of the arbitrator's decision and award, a judgment shall be entered and may be presented to the court by any party, on notice, which judgment when entered shall have the same force and effect as judgments in civil actions.

We note that the statute omits reference to the court rules for parties, as opposed to the arbitrator, and that only MAR 7.1(a), not the statute, requires a party to file proof that a copy of the request has been served.

[5] MAR 6.2 provides in pertinent part as follows:

Within 14 days after the conclusion of the arbitration hearing, the arbitrator shall file the award with the clerk of the superior court, with proof of service of a copy on each party.

[6] MAR 7.1(a) states in pertinent part as follows:

Within 20 days after the arbitration award is filed with the clerk, any aggrieved party not having waived the right to appeal may serve and file with the clerk a written request for a trial de novo in the superior court along with proof that a copy has been served upon all other parties appearing in the case. The 20-day period within which to request a trial de novo may not be extended.

ment on the arbitration award to the superior court. MAR 6.3.[7]

■ Interpretation of the Mandatory Arbitration Rules is a matter of law requiring our de novo review. *Nevers*, 133 Wn.2d at 809.

In its 1997 decision in *Nevers*, the Supreme Court held that both timely service and proof of service of the trial de novo request must be filed within the 20-day window after the arbitrator files the award under MAR 7.1(a). *Nevers*, 133 Wn.2d at 811-12. In issuing its ruling, the *Nevers* court explained that specific compliance with MAR 7.1's filing deadlines is necessary to effectuate the legislature's intent:

> Were we to conclude that the specific requirement of MAR 7.1 that copies of a request for trial de novo be served within 20 days of the filing of the arbitration award and that proof of that service be filed within that same period may be satisfied by substantial compliance, we would be subverting the Legislature's intent by contributing, inevitably, to increased delays in arbitration proceedings.

*Nevers*, 133 Wn.2d at 815. But *Nevers* does not address service of the documents.

The aggrieved parties in *Nevers* mailed their request for trial de novo on the 20th day and admittedly failed to serve copies of the request for trial de novo on opposing counsel within the 20-day limit. The *Nevers* court held only that the superior court correctly declined to conduct a trial de novo because service and filing of the proof of service were both untimely. *Nevers*, 133 Wn.2d at 815-16. The *Nevers* court expressly declined to decide whether the parties substantially complied with the filing of the proof of service required under MAR 7.1(a):

> In light of that fact that Nevers and Anderson failed to serve copies of the request for trial de novo on Fireside within 20 days, much less file proof of service within that period, we can conclude only that the superior court correctly declined to

---

[7] MAR 6.3 provides in pertinent part as follows: "If within 20 days after the award is filed no party has sought a trial de novo under rule 7.1, the prevailing party on notice as required by CR 54(f) shall present to the court a judgment on the award of arbitration for entry as the final judgment."

> conduct a trial de novo. . . . Consequently, we need not address Nevers and Anderson's argument that they substantially complied with the filing of proof of service requirement of MAR 7.1(a).

*Nevers*, 133 Wn.2d at 815-16. *Nevers* did not reach the issue of the sufficiency of the proof of service under MAR 7.1(a) presented by this case.

Since *Nevers*, several cases have examined the requirements of the MAR rules. *See, e.g., Roberts v. Johnson*, 137 Wn.2d 84, 969 P.2d 446 (1999) (holding the 20-day period in which to file a trial de novo is tolled until arbitrator files both the award and proof of service of the same); *Newton v. Legarsky*, 97 Wn. App. 375, 984 P.2d 417 (1999) (holding proof of service is insufficient when such proof consists only of trial de novo request stamped with "certificate of delivery" to legal messenger for delivery to opposing counsel), *review denied*, 139 Wn.2d 1023 (2000); *Carpenter v. Elway*, 97 Wn. App. 977, 988 P.2d 1009 (1999) (holding arbitrator's notation on bottom of arbitration award reading "[o]riginal to the Clerk for filing with copies to each party" insufficient proof of service because notation lacked time, place, and manner of service), *review denied*, 141 Wn.2d 1005 (2000).

In *Sunderland v. Allstate Indemnity Co.*, 100 Wn. App. 324, 995 P.2d 614, *review denied*, 141 Wn.2d 1031 (2000), this court examined MAR 7.1 and held that an attestation by a process server that the delivery requested was accomplished was not necessarily required when the legal secretary filed an affidavit that she had given the request to the process server. In reaching this conclusion, this court looked closely at the requirements of MAR 7.1(a) and noted that adequate proof of service does not require an affidavit or certificate of service but does require " 'proof that a copy has been served.' " *Sunderland*, 100 Wn. App. at 328-29 (quoting MAR 7.1(a) and citing *Carpenter*, 97 Wn. App. 977). To establish personal service, the record must contain adequate proof of personal service under MAR 6.2 or 7.1(a), including an indication of time, place, and manner of

service as required by CR 4(g)(7).[8] *Sunderland,* 100 Wn. App. at 329 (citing *Carpenter,* 97 Wn. App. at 989).

Terry acknowledges that he did not file an *affidavit* of service—which would constitute proof of service under CR 4(g)(2)—but argues that the "received" stamps showing on the original, timely, trial de novo request filed with the court are themselves proof of personal service. He appears to argue that proof of service in this case was accomplished under CR 4(g)(5), which allows the "written acceptance or admission of the defendant, his agent or attorney" to constitute proof of service. Specifically, Terry argues that the stamp reflected "time: December 4, 1998; place: City Attorney's Office, Civil Division; manner: personal delivery and acceptance."[9] Br. of Appellant at 7. Regarding the manner of service, Terry contends that the fact the request bore the Clerk's office stamp showing the same date as the City's stamp proves that the manner employed was personal service:

> That personal service was effectuated is established by the Clerk of Court's stamp on the request for a trial de novo, which is also dated December 4, 1998. As such, it is clear that the request was timely filed and served on the defendants and that proof of said service was also timely filed.

Br. of Appellant at 7.

Proof of personal service is ordinarily, and preferably, in the form of an affidavit. *See, e.g., Marsh-McLennan Bldg., Inc. v. Clapp,* 96 Wn. App. 636, 640, 980 P.2d 311 (1999) (explaining under CR 4(g), "proof of service by one other than the sheriff is by the server's *affidavit* of service endorsed upon or attached to the summons") (emphasis added). Our research revealed only two published cases

---

[8] CR 4(g)(7) provides in pertinent part "[i]n case of service otherwise than by publication, the return, acceptance, admission, or affidavit must state the time, place, and manner of service."

[9] The notation of the date a pleading was served is sufficient to meet CR 4(g)(7)'s "time" requirement. *See, e.g., Hamill v. Brooks,* 32 Wn. App. 150, 151, 646 P.2d 151 (1982) (party "admitted . . . that he received the summons and complaint . . . . *The time was established* through [his] deposition and the affidavit of [opposing counsel], *as being in June 1979.*") (emphasis added).

that even mention subsection (g)(5) of CR 4. The first does so in the context of an admission in a party's deposition that he had been served. *See Hamill v. Brooks*, 32 Wn. App. 150, 151, 646 P.2d 151 (1982). And the second simply cites the rule after noting that service of process on the defendant's attorney was "good," without specifically describing the service. *Violante v. White*, 26 Wn. App. 391, 392, 612 P.2d 828 (1980).

We turn to the more recent cases interpreting the Mandatory Arbitration Rules. In one of the cases consolidated under *Carpenter*, the arbitrator filed his award, and as proof of service of same, he merely noted on the bottom of the award "[o]riginal to the Clerk for filing with copies to each party." *Carpenter*, 97 Wn. App. at 981.[10] This court held that this language did not indicate the time, place, and manner of service, as required by MAR 6.2 and 7.1(a) and CR 4(g)(7). *Carpenter*, 97 Wn. App. at 987. In another case considered in *Carpenter*, the arbitrator filed a confirmation of service that merely stated "all parties were served with the Arbitrator's Award on April 4th, 1997." *See Carpenter*, 97 Wn. App. at 982. This court held this inadequate as well because the arbitrator did not indicate how and upon whom he had made service: "such a vague confirmation by itself does not constitute proper proof of service . . . ." *Carpenter*, 97 Wn. App. at 989.

But in *Sunderland*, the purported proof of service consisted of the legal assistant's affidavit that she delivered the request for trial de novo to a process server and a copy of the request showing opposing counsel's received stamp. *Sunderland*, 100 Wn. App. at 328. In her affidavit, the assistant certified that " 'on <u>April 2, 1998</u> a true and correct copy of the foregoing Request for Trial de Novo was forwarded to all counsel of record via legal messenger for delivery no later than <u>April 2, 1998</u>.' " *Sunderland*, 100 Wn. App. at 326. This court noted that the *Carpenter* decision did not reach the narrow issue of whether attestation is

---

[10] *But see* note 4, *supra*.

required for proof of service and held that MAR 7.1 does not require attestation by a process server that he actually delivered the document. *Sunderland,* 100 Wn. App. at 329. Thus, MAR 7.1(a) does not expressly require a formal certificate of service.

We note that MAR 7.1 does not use the phrase "proof of service," but rather requires "proof that a copy [of the trial de novo request] has been served." It is well established that when different words are used in the same statute we will presume that the legislature intended a different meaning to attach to each word.[11] *Millay v. Cam,* 135 Wn.2d 193, 955 P.2d 791 (1998); *State ex rel. Pub. Disclosure Comm'n v. Rains,* 87 Wn.2d 626, 634, 555 P.2d 1368 (1976). We also presume the legislature enacts laws with full knowledge of existing laws. *State v. Peterson,* 100 Wn.2d 788, 791, 674 P.2d 1251 (1984) (citing *Thurston County v. Gorton,* 85 Wn.2d 133, 530 P.2d 309 (1975)).

Here, the drafters of the MAR chose not to use the phrase "proof of service"; therefore, they must have contemplated something different from "proof of service" as it is ordinarily understood. This is more than mere semantics, for "proof of service" is a term of art meaning an affidavit attested by the person who effected service. *Black's* defines the term as follows: "a document filed (as by a sheriff) in court as evidence that process has been successfully served on a party." BLACK'S LAW DICTIONARY 1232 (7th ed. 1999). If the drafters had intended to require formal proof of service as that phrase is understood, they would have employed the phrase "proof of service" instead of "proof that a copy has been served." We hold that the service requirements of MAR 7.1(a) do not mandate an affidavit of service, but only "some evidence" of the time, place, and manner of service. *See Carpenter,* 97 Wn. App. at 987.

Terry asks this court to find as a fact that the original request for trial de novo bears the stamps of both the City Attorney and the court Clerk and, therefore, conclusively

---

[11] The principles of statutory construction also apply to the interpretation of court rules. *State v. Greenwood,* 120 Wn.2d 585, 592, 845 P.2d 971 (1993).

458

establishes personal service. This court does not hear evidence or make such factual determinations. If the trial court on remand finds that receiving stamps from the City Attorney's Office and Clerk's office can only both appear as a consequence of being placed on the original document when personally served, there is "some evidence" of the manner of service and the requirements of MAR 7.1(a) are satisfied.

We remand for proceedings consistent with this opinion.

HUNT, A.C.J., and SEINFELD, J., concur.

Review denied at 146 Wn.2d 1012 (2002).

