[No. 75153-6. En Banc.]
Argued January 19, 2005. Decided March 31, 2005.

SERGIO ALVAREZ, *Petitioner*, v. JOHN BANACH ET AL., *Respondents.*

CHAMBERS, SANDERS, and J.M. JOHNSON, JJ., concur by separate opinion.

*Raymond E.S. Bishop* and *Paul M. Veillon* (of *Bishop Law Offices, P.S.*), for petitioner.

*Kathleen M. Thompson* (of *Gardner Bond Trabolsi St. Louis & Clement, P.L.L.C.*), for respondents.

¶1 C. JOHNSON, J. — This case requires us to determine whether a declaration of delivery without further proof that a request for a trial de novo has been served complies with the filing requirements under Mandatory Arbitration Rule (MAR) 7.1. Division Two of the Court of Appeals determined that the declaration of delivery sufficiently indicated the time, place, and manner of delivery and that proof of actual receipt was not necessary. We disagree and reverse.

## FACTS AND PROCEDURAL HISTORY

¶2 On September 4, 2000, Sergio Alvarez filed a personal injury action against John Banach in superior court, seeking damages resulting from a motor vehicle accident between the parties. The action was submitted to arbitration where the arbitrator filed an award for Alvarez on June 12, 2002, and filed proof of service for the award on June 19, 2002. Clerk's Papers (CP) at 9.

¶3 On June 18, 2002, Banach filed a request for a trial de novo in superior court, along with a declaration of delivery signed by Cheryl B. Lee, secretary of Banach's counsel. The declaration stated in pertinent part:

> Pursuant to the laws of the State of Washington, the undersigned certifies under penalty of perjury that on June 17, 2002, she sent via Legal Messenger Services to be delivered on June 18, 2002, copies of the following REQUEST FOR TRIAL DE NOVO AND FOR CLERK TO SEAL ARBITRATION AWARD. . . .

CP at 6. This declaration also included the address of Raymond Bishop, Alvarez's attorney. On June 19, 2002,

Alvarez received a copy of Banach's request for a trial de novo. CP at 99-103.

¶4 On reconsideration, the trial court reversed its earlier decision denying Alvarez's motion to strike Banach's request for a trial de novo, finding that the declaration of delivery was insufficient to comply with the dictates of *Nevers v. Fireside Inc.*, 133 Wn.2d 804, 947 P.2d 721 (1997). The trial court entered a judgment in favor of Alvarez for $45,639.81, including costs and attorney fees. CP at 114-15.

¶5 Division Two of the Court of Appeals reversed and remanded for a trial de novo, finding that the declaration of delivery itself provided sufficient evidence of the time, manner, and place of timely service by legal messenger and was, therefore, in compliance with MAR 7.1(a). *Alvarez v. Banach*, 120 Wn. App. 93, 84 P.3d 278 (2004). It stated that proof of actual receipt need not be filed with the request for a trial de novo. Relying on its decision in *Manius v. Boyd*, 111 Wn. App. 764, 47 P.3d 145 (2002), the court reasoned that the proof of service requirements under the rule are not as strict as the *Nevers* requirements for filing the request for a trial de novo.

## ANALYSIS

¶6 Alvarez argues that the Court of Appeals erred in finding that Banach complied with the filing requirements under the Mandatory Arbitration Rules when requesting a trial de novo in superior court. MAR 7.1(a) provides:

> Within 20 days after the arbitration award is filed with the clerk, any aggrieved party not having waived the right to appeal may serve and file with the clerk a written request for a trial de novo in the superior court *along with proof that a copy has been served* upon all other parties appearing in the case.

(Emphasis added.) If no appeal is filed by the expiration of 20 days, the superior court enters a judgment pursuant to the arbitrator's decision and award. RCW 7.06.050(2).

¶7 Under the Mandatory Arbitration Rules, all pleadings and other papers are to be served in accordance

with Superior Court Civil Rule (CR) 5 after a case is assigned to an arbitrator. MAR 1.3(b)(2). CR 5 provides that service on an attorney or party shall be made by personal delivery or mail. CR 5(b)(1). The rule provides that proof of service by mail "may be by written acknowledgment of service, by affidavit of the person who mailed the papers, or by the certificate of an attorney." CR 5(b)(2)(B). Proof of service by mail is not deemed complete until the third day after mailing. CR 5(b)(2)(A). CR 5 does not provide the requirements for proof of service by personal delivery. However, Washington case law indicates that proof of service by personal delivery requires that there be some evidence of the time, place, and manner of service. *See Terry v. City of Tacoma*, 109 Wn. App. 448, 455-56, 36 P.3d 553 (2001).

¶8 In *Nevers*, we held that parties must strictly comply with the filing requirements of MAR 7.1(a). In *Nevers*, the party requesting a trial de novo in superior court after a mandatory arbitration timely filed the request with the trial court but failed to file any evidence that a copy of the request had been served on the other party. We found that "only when there has been timely service *and* filing of proof of that service, that the court may conduct a trial de novo." *Nevers*, 133 Wn.2d at 812. We further noted that if we were to require only substantial compliance with the filing requirements, we would be subverting the legislative intent of mandatory arbitration, which is to reduce congestion in the courts and delays in civil cases.

¶9 While *Nevers* held that parties must strictly comply with the filing requirements under MAR 7.1(a), that case did not clarify the proof necessary to satisfy those requirements. We are in agreement with the Court of Appeals' decisions concluding that some evidence of the time, place, and manner of service is needed in order to show that a request for a trial de novo has been served. For example, in *Sunderland v. Allstate Indemnity Co.*, 100 Wn. App. 324, 995 P.2d 614 (2000), Division Two of the Court of Appeals held that an attestation of service by a server was not

required for adequate proof of service of a request for a trial de novo. There, Allstate filed its request for a trial de novo with "RECEIVED" stamped on the pleading along with the date and the names of Sunderlands' attorneys. Allstate also filed a certificate of service declaring that a named legal assistant had forwarded a copy of the request for a trial de novo by legal messenger to counsel of record. That court found that "Allstate's declaration of service, together with the Sunderlunds' attorney's date stamp," indicated that a copy of the request for a trial de novo had been served. *Sunderland*, 100 Wn. App. at 329.

¶10 Similarly, in *Terry*, Division Two of the Court of Appeals held that MAR 7.1(a) does not require an affidavit of service. In that case, Terry timely filed a request for trial de novo along with another copy of the trial de novo request that showed a "RECEIVED" stamp by both opposing counsel, indicating the date and place of service. That court specifically pointed out that MAR 7.1(a) does not employ the phrase "proof of service" within the text, but the phrase "proof that a copy has been served." *Terry*, 109 Wn. App. at 457. The court reasoned that a party is not required to submit formal proof of service, such as an affidavit of service, but merely needs to provide *some evidence* of the time, place, and manner of service.

¶11 In this case, Division Two of the Court of Appeals determined that the declaration of delivery filed along with Banach's request for a trial de novo satisfied the requirements of MAR 7.1(a) because "it sufficiently indicated the time, place, and manner of delivery." *Alvarez*, 120 Wn. App. at 102. The Court of Appeals relied on *Manius* for the proposition that proof of actual receipt need not be filed with the request for a trial de novo. However, *Manius* is inapplicable to the case before us because it involved service by mail where receipt is assumed after three days. *See* CR 5(b)(2)(A). There is no corresponding rule establishing that receipt is assumed where service is executed by legal messenger.

¶12 The Court of Appeals also erred in its interpretation of *Sunderland* and *Terry*. While those cases indicate that a formal proof of service is unnecessary to satisfy the requirements of MAR 7.1(a), they do not stand for the proposition that a party filing for a trial de novo need not show that the opposing party has received the copy. The Court of Appeals reasoned that the "RECEIVED" stamps on the requests for a trial de novo in those cases only aided in providing the time, place, and manner of service, and it was inconsequential that proof of actual receipt was submitted. We disagree.

¶13 The Court of Appeals' conclusion is incongruent with the language of MAR 7.1(a) and our decision in *Nevers*. We employed the past tense when we promulgated the rule, which provides that the request for a trial de novo must be filed in superior court "along with proof that a copy *has been served* upon all other parties appearing in the case." MAR 7.1(a) (emphasis added). While the Court of Appeals was correct in that the proof must contain some evidence of the time, place, and manner of service, and that formal proof of service is not required, it erroneously concluded that the proof need only be in the form of a declaration of delivery indicating the time, place, and manner of *intended* service. In *Nevers*, we held that parties must strictly comply with the filing requirements of MAR 7.1(a), which includes filing proof that a copy has been served. A declaration of delivery stating that a copy is "to be delivered," without more, does not satisfy that requirement. Again, a party merely needs to file proof with the superior court that the opposing party received a copy of its request for a trial de novo.

## CONCLUSION

¶14 We hold that Banach failed to timely file proof that a copy of the request for a trial de novo had been served on Alvarez. We reverse the Court of Appeals' decision and remand to the trial court.

ALEXANDER, C.J., and MADSEN, BRIDGE, CHAMBERS, OWENS, and FAIRHURST, JJ., concur.

¶15 CHAMBERS, J. (concurring) — I concur with the majority. I write separately to stress that, while we require strict compliance with the time requirements of filing a request for trial de novo, we have never required that the *form* of the proof of service requires strict compliance. As the majority notes, there is a long line of cases that have accepted that personal service has been accomplished so long as there is some evidence that it met time, place, and manner requirements. Majority at 838-39; *accord Terry v. City of Tacoma*, 109 Wn. App. 448, 457, 36 P.3d 553 (2001) (formal declaration not required; opposing counsel's copy-received stamp sufficient to show service); *Sunderland v. Allstate Indem. Co.*, 100 Wn. App. 324, 329, 995 P.2d 614 (2000). Nothing we do today changes this.

¶16 We require strict compliance with the core filing requirements to request a trial de novo after an arbiter's decision. Mandatory Arbitration Rule (MAR) 7.1(a); *Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 811-12, 947 P.2d 721 (1997). This is because proper filing is necessary to give the trial court the authority to hold a trial de novo. MAR 7.1. We have also held that the request must be both *served* and filed within the prescribed time. *Nevers*, 133 Wn.2d at 811-12. Here John Banach failed to show by copy-received stamp, certificate of mailing, affidavit of service, or by any other means that a copy of the request for trial de novo was actually timely received by Sergio Alvarez. Because we do require strict compliance with the time requirements, and since Banach failed to timely provide some appropriate evidence that the notice was actually received, I agree that the Court of Appeals should be reversed and the case remanded to the trial court.

¶17 I concur.

SANDERS and J.M. JOHNSON, JJ., concur with CHAMBERS, J.