[No. 40959-3-II. Division Two. April 24, 2012.]

LAURA MORELLO, *Petitioner*, v. REBECKA VONDA ET AL.,
*Respondents*.

*William H. Reed* (of *Law Office of William H. Reed PC*), for petitioner.

*Maria L. Ruckwardt* and *Stephen E. Archer* (of *Smith Freed & Eberhard PC*), for respondents.

¶1 HUNT, J. — Laura Morello appeals the trial court's denial of her motion to strike Rebecka Vonda's request for a trial de novo following mandatory arbitration. Morello argues that the trial court should have granted her motion because (1) Vonda failed to comply strictly with former

Mandatory Arbitration Rule (MAR) 7.1(a) (2001)'s proof of service requirements, and (2) Vonda could not bypass the rule's strict compliance requirement and substitute mere substantial compliance when Vonda's proof of service failed to provide sufficient proof of Morello's *actual receipt* of service of Vonda's trial de novo request. We affirm and remand for further proceedings.

## FACTS

¶2 Laura Morello sued Rebecka Vonda and "John Doe Vonda" (collectively Vonda) for personal injuries suffered in a motor vehicle accident and submitted the claim to mandatory arbitration. On April 21, 2010, the arbitrator filed an arbitration award in Morello's favor. Twenty days later, at 3:42 PM on May 11, Vonda filed a request for trial de novo and a "Certificate of Service"[1] under former MAR 7.1 and Local Rules for Mandatory Arbitration Rule (LMAR) 7.1.[2] Vonda's trial de novo request contained the following statement:

3. Pursuant to LMAR 7.1 a Notice to Set for Trial and Jury Demand . . . *IS being filed and served upon all parties at the same time as the filing of this Request* for Trial De Novo by the undersigned aggrieved party.

Clerk's Papers (CP) at 6 (emphasis added). Vonda's certificate of service stated:

I hereby certify that on May 11, 2010 I served the foregoing **DEFENDANT VONDA'S REQUEST FOR TRIAL DE NOVO, NOTICE TO SET FOR TRIAL and ARBITRABILITY**, and **DEMAND FOR JURY** on:

William H[.] Reed
Reed Johnson & Snider, P.C.

---

[1] Clerk's Papers (CP) at 30.

[2] Clark County LMAR 7.1 provides: "The appealing party shall file and serve on the other party or parties a Notice to Set for Trial pursuant to Local Rule 40."

Attorneys at Law
201 NE Park Plaza Drive, Suite 248
Vancouver, WA 98684
FACSIMILE: 360-695-3135
Of Attorneys for Plaintiff

. . . by hand delivering to each of the foregoing a copy thereof to the address listed above.

CP at 30. Cliff J. Wilson, an attorney from Vonda's counsel's firm, signed the certificate of service for Vonda's counsel. In addition, as required by Clark County Local Rule (LR) 40(b)(a),[3] Vonda's Notice to Set for Trial, signed by Wilson for Maria Liesl "Sam" Ruckwardt, certified that all counsel "have been served with a copy of this notice." CP at 4.

¶3 Morello moved to strike Vonda's request for trial de novo, asserting that Vonda had not provided proper proof of service because (1) former MAR 7.1(a) required Vonda to have filed " 'a written request for trial de novo in the Superior Court *along with proof that a copy has been served* upon all other parties appearing in the case' ";[4] (2) a courier, not Vonda's counsel *personally* (as attested in the certificate of service), had served the notice of trial de novo on Morello's counsel; (3) because the notice of trial de novo was served on Morello's counsel at 4:20 PM May 11, 2010, the courier could not have filed the notice at the superior court clerk's office before it closed at 4:30 PM; (4) Vonda filed "[n]o proof of service, showing *actual receipt* by plaintiff";[5] and (5) thus, Vonda provided only proof of "intended" service, which had not yet been accomplished when she

---

[3] LR 40(b)(1) provides: "Notice to Set for Trial. An attorney desiring to place a case on the trial readiness calendar shall file a 'Notice to Set for Trial' on a form prescribed by the court." The "Notice to Set for Trial" form requires counsel to certify "[t]hat all counsel and/or Pro Se parties have been served with a copy of this notice." *See* CP at 4.

[4] CP at 31 (quoting former MAR 7.1(a)).

[5] CP at 25 (emphasis added).

filed the certificate of service with the court. CP at 33 (emphasis omitted).

¶4 Vonda responded that (1) her certificate of service proved actual hand delivery on Morello's counsel on May 11, not merely an intent to deliver later; and (2) Morello's affidavit in support of her motion to strike Vonda's trial de novo request demonstrated that Morello's counsel did receive a copy of Vonda's request on May 11, as certified in Vonda's proof of service.[6]

¶5 The trial court denied Morello's motion to strike Vonda's request for trial de novo, concluding that, although Vonda had not "strictly compl[ied]" with former MAR 7.1(a), she had "substantially compl[ied]" with former MAR 7.1(a). CP at 63 (Conclusions of Law 1, 2). The trial court's written findings of facts included the following findings:

> 4. Attached to [Vonda's] Request for Trial De Novo was a certificate of service, dated May 11, 2010 and signed by [Vonda's counsel], stating *she had served* [Morello] by personal delivery to the office of [Morello's counsel];
>
> 5. [Vonda's counsel] did not personally deliver [Vonda's] Request for Trial De Novo to the office of counsel for plaintiff. [Vonda's] Request for Trial De Novo was delivered by courier to the office of [Morello's counsel] on May 11, 2010 at 4:20 p.m.; and
>
> 6. No proof of service has been filed, within the time frame prescribed under [former] MAR 7.1(a), showing *actual receipt* of [Vonda's] Motion for Trial De Novo by [Morello] or by her counsel.

CP at 63 (emphasis added).

¶6 Morello filed a motion for discretionary review, which we granted.

---

[6] Vonda did not dispute Morello's assertion that the notice was delivered by courier to Morello's counsel at 4:20 PM on May 11. Nor did Vonda address when her certificate of service was filed with the court in relation to its actual hand delivery to Morello's counsel.

## ANALYSIS

¶7 Morello argues that the trial court erred in denying her motion to strike Vonda's request for trial de novo because former MAR 7.1(a) required strict compliance and Vonda established only the method of intended service, rather than completed actual service, which former MAR 7.1(a) required. Vonda responds that, even if the trial court erred in ruling that her substantial compliance with former MAR 7.1(a) was sufficient, we should affirm the trial court's acceptance of her trial de novo request because (1) the trial court erred in finding that Vonda's certificate of service, filed with her request for trial de novo, merely substantially complied with, but did not actually meet, former MAR 7.1(a) requirements;[7] when (2) in fact, Vonda's proof of service did actually meet former MAR 7.1(a)'s strict compliance requirements. We agree with Vonda that the record shows she strictly complied with former MAR 7.1(a)'s requirements by having filed and served all necessary documents by the end of the day on May 11.

### I. STANDARD OF REVIEW

¶8 We review a trial court's findings of fact and conclusions of law to determine whether substantial evidence supports the findings and, if so, whether the findings support the conclusions. *Scott v. Trans-Sys., Inc.*, 148 Wn.2d 701, 707-08, 64 P.3d 1 (2003). Substantial evidence is a quantum of evidence sufficient to persuade a rational, fair-minded person that the premise is true. *Wenatchee Sportsmen Ass'n v. Chelan County*, 141 Wn.2d 169, 176, 4 P.3d 123 (2000). We review the trial court's conclusions of law de novo. *810 Props. v. Jump*, 141 Wn. App. 688, 696, 170 P.3d 1209 (2007). "Interpretation of the [MARs] is a matter

---

[7] Vonda may raise this issue on appeal without first having filed a cross notice of appeal because she is not requesting affirmative relief. RAP 2.4(a); *Kailin v. Clallam County*, 152 Wn. App. 974, 990, 220 P.3d 222 (2009).

of law requiring . . . de novo review." *Terry v. City of Tacoma,* 109 Wn. App. 448, 453, 36 P.3d 553 (2001), *review denied,* 146 Wn.2d 1012 (2002).

## II. Former MAR 7.1(a)

¶9 An aggrieved arbitration party is entitled to a trial de novo in superior court. RCW 7.06.050(1); former MAR 7.1. In order to exercise this option, however, within 20 days of the arbitrator's filing an award, the aggrieved party must file a request for trial de novo in superior court, along with "proof that a copy has been served" on all other parties appearing in the case. Former MAR 7.1(a). The issue here is whether Vonda's proof of service met this requirement. We hold that it does.

### A. Substantial Compliance Not Sufficient

¶10 Former MAR 7.1(a) provided, in part:

**Service and Filing.** Within 20 days after the arbitration award is filed with the clerk, any aggrieved party not having waived the right to appeal may serve and file with the clerk a written request for a trial de novo in the superior court along with *proof that a copy has been served* upon all other parties appearing in the case. The 20-day period within which to request a trial de novo may not be extended. The request for a trial de novo shall not refer to the amount of the award and shall be in substantially the form set forth below.

(Emphasis added.)[8] We agree with Morello that the trial court erred in applying the "substantial compliance" stan-

---

[8] Our Supreme Court recently amended MAR 7.1(a), effective September 1, 2011. This newly amended rule no longer expressly requires the aggrieved party to file "proof that a copy has been served upon all other parties" when filing a request for trial de novo. Instead, the new MAR 7.1(a) requires service in compliance with CR 5, which focuses on various manners of service and does not specifically address proof of such service.

dard rather than requiring strict compliance with former MAR 7.1(a).[9]

## B. Strict Compliance Required and Accomplished

¶11 We next address whether the trial court also erred in ruling that Vonda failed to comply strictly with former MAR 7.1(a) and, if the trial court did err, whether to affirm on other grounds. *State v. Costich*, 152 Wn.2d 463, 477, 98 P.3d 795 (2004) (we can affirm the trial court on any ground the record supports). We agree with Vonda that the trial court erred in ruling that her proof of service did not strictly comply with former MAR 7.1(a), *see* CP at 53 (Conclusion of Law 1), which ruling it based on the following (paraphrased) findings:

> Finding 4—Vonda's May 11, 2010 certificate of service stated that her counsel *"had* served" Morello "by personal delivery to the office of counsel for plaintiff." CP at 53 (emphasis added).
>
> Finding 5—Vonda's counsel had not personally delivered the request for trial de novo to Morello; instead, a courier had delivered the request for trial de novo at 4:20 PM on May 11.
>
> Finding 6—Therefore, "[n]o proof of service ha[d] been filed, within the time frame prescribed under [former] MAR 7.1(a), showing actual receipt of defendant's Motion for Trial De Novo by plaintiff or by her counsel."[10] CP at 53.

Although the record supports findings 4 and 5, it does not support finding 6. And neither the trial court's findings nor the record support its conclusion of law 1 that Vonda did not strictly comply with former MAR 7.1(a).[11] On the contrary,

---

[9] In *Alvarez v. Banach*, 153 Wn.2d 834, 838, 109 P.3d 402 (2005) (citing *Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 812, 947 P.2d 721 (1997)), our Supreme Court clearly held that former MAR 7.1(a) requires strict compliance.

[10] Vonda cross assigned error to this finding of fact.

[11] Vonda cross assigned error to this conclusion of law.

the record shows that Vonda did strictly comply with former MAR 7.1(a).

### 1. "Some evidence of the time, place, and manner of service"

¶12 First, on its face, Vonda's certificate of service met former MAR 7.1(a)'s requirement that she provide *"some evidence* of the time, place, and manner of service." *Alvarez v. Banach*, 153 Wn.2d 834, 840, 836, 109 P.3d 402 (2005) (emphasis added) (citing *Terry*, 109 Wn. App. at 455-56) (mere "declaration of delivery" that opposing counsel's secretary *had sent* trial de novo request to Alvarez via legal messenger indicated only intention to serve and was insufficient to satisfy former MAR 7.1(a) "without further proof" that the request had actually "been served").[12] In contrast with *Alvarez*'s declared mere *intention to serve*, Vonda's certificate of service stated that her counsel's law firm *actually served* Morello's counsel with the request for trial de novo. Thus, Vonda's certificate of service was not a statement of mere intention to serve; rather, it was proof that actual service was accomplished on Morello on May 11,[13] which Morello has not disputed, despite her questioning the *sequence* of events that afternoon.[14]

---

[12] The Supreme Court reversed our holding that the "declaration of delivery sufficiently indicated the time, place, and manner of delivery and that *proof of actual receipt was not necessary." Alvarez*, 153 Wn.2d at 836 (emphasis added).

[13] Vonda's request for trial de novo included the following clause: Service "IS being filed and served upon all parties at the same time as the filing of this Request for Trial De Novo." CP at 6. We recognize that this clause suggested that service was occurring contemporaneously with filing the notice and, thus, technically, had not yet been completed. This statement, if standing alone, might be insufficient to prove strict compliance with former MAR 7.1(a)'s requirement of proof "that a copy has been served." Here, however, we also consider the certificate of service that Vonda filed with this request, which certificate proved actual completed service of the request, in strict compliance with MAR 7.1(a).

[14] Morello's counsel asserted that her counsel was served at 4:20 PM, the trial court closed at 4:30 PM, and, thus, the certificate of service could not have been filed after actual service; Vonda did not dispute this assertion. Nevertheless, it is uncontroverted that by the close of business on May 11, Vonda's certificate of

## 2. Actual service uncontroverted

¶13 Second, Morello did not dispute that she actually received personal service of Vonda's request for trial de novo on May 11,[15] consistent with Vonda's certified proof of service. Despite Morello's questioning the *sequence* of service and filing of Vonda's request, it was uncontroverted that both were accomplished on May 11[16] (within 20 days of the arbitrator's award, the time within which former MAR 7.1(a) required these acts to happen). This evidence in the record before us is sufficient under *Alvarez* to constitute "*some evidence* of the time, place, and manner of service."[17] 153 Wn.2d at 840 (emphasis added). In other words, under *Alvarez*, when postarbitration service of a request for trial de novo is accomplished by personal delivery, there must be more evidence than mere recitation of the *intended* method

service was correct that Morello's counsel had been served. Morello cites no authority allowing us to look behind the certificate of service itself, the language of which on its face proves that Morello was served with Vonda's request for trial de novo that day.

[15] We recognize that in *Alvarez*, there similarly was no question that counsel had actually been served. But, unlike in *Alvarez*, where there was no proof of service that satisfied the rule, here, there was timely filed, undisputed proof of actual personal service. Rather than disputing actual service, Morello alleged *impossibility* of service having been accomplished before the certificate of service was filed.

[16] Nothing in former MAR 7.1(a) or LMAR 7.1 expressly required that service and filing of a request for trial de novo and proof of service had to be performed in any specific sequence. Moreover, Vonda forthrightly explained in her trial de novo request that she was filing and serving her notice to set for jury trial on "all parties" "at the same time as the filing of this Request." CP at 6. Such roughly simultaneous filing and service by hand delivery do not fall short of strict compliance with the rules, which require only that such service and filing be accomplished within 20 days of the arbitrator's award.

[17] The Supreme Court in *Alvarez* did not (1) specify what form of "proof" is required to show that the documents *were* actually served; (2) hold that formal proof of service is required or that something like a declaration of delivery (or a certificate of service) is not sufficient under former MAR 7.1; or (3) require anything more than a statement indicating the date, time, and place of service and *some type of proof of receipt* of such service. Instead, the court held that a "declaration of delivery" *indicating only the intended method of service* is not sufficient and that, to satisfy MAR 7.1, the declaration or other proof must show "that the opposing party received a copy of its request for trial de novo." *Alvarez*, 153 Wn.2d at 840. Such was the proof here.

of service, but formal proof of service is not necessarily required.[18]

¶14 The facts here do not support the trial court's legal conclusion that Vonda failed to comply strictly with former MAR 7.1(a).[19] On the contrary, the record shows that Vonda strictly complied with former MAR 7.1(a)'s proof of service requirements by timely serving Morello with a copy of the request for trial de novo by hand and by timely filing a certificate that a copy was served on Morello.[20] Therefore, we affirm, on these alternate grounds, the trial court's denial of Morello's request to strike Vonda's request for trial de novo.[21] We also deny Morello's request for attorney fees and costs on appeal, and we remand for further proceedings.

QUINN-BRINTNALL, J., concurs.

¶15 ARMSTRONG, J. (dissenting) — Because the law requires strict compliance with MAR 7.1(a), the trial court erred in denying Morello's motion to strike Vonda's request for trial de novo. Therefore, I respectfully dissent.

---

[18] Here, however, as we have noted in the preceding subsection of this analysis, there was also proof of actual service in the form of the certificate of service.

[19] In a statement of additional authorities, Morello directs us to *Brackman v. City of Lake Forest Park*, 163 Wn. App. 889, 262 P.3d 116 (2011). *Brackman* does not apply here because it addresses the sufficiency of a certificate of service by mail, not by hand delivery, as was the case here. Under former MAR 7.1(a), formal proof of service, such as an affidavit of service, was not required when the request for trial de novo was hand delivered, as was the case here. *Alvarez*, 153 Wn.2d at 840.

[20] Evidence at the hearing on Morello's motion to strike later demonstrated that Vonda may have actually delivered the documents to Morello *after* she (Vonda) filed the certificate of service with the court. *See* Verbatim Report of Proceedings at 3. Nevertheless, Vonda's certificate of service was accurate once the documents were served on Morello's counsel, which, the parties agree, occurred on May 11.

[21] *Costich*, 152 Wn.2d at 477 (we can affirm the trial court on any ground the record supports).

¶16 Vonda filed a request for trial de novo and a "Certificate of Service" on May 11, at 3:42 p.m., 20 days after the arbitration award. Vonda's request for trial de novo stated:

> Pursuant to LMAR 7.1 a Notice to Set for Trial and Jury Demand . . . *is being filed and served* upon all parties at the same time as the filing of this Request for Trial De Novo by the undersigned aggrieved party.

Clerk's Papers (CP) at 6 (emphasis added). In contrast, Vonda's Certificate of Service stated:

> I hereby certify that on May 11, 2010 I *served* the foregoing **DEFENDANT VONDA'S REQUEST FOR TRIAL DE NOVO, NOTICE TO SET FOR TRIAL and ARBITRABILITY**, and **DEMAND FOR JURY**. . . .

CP at 30. Moreover, Vonda's Notice to Set Trial certified that all counsel "*have been served* with a copy of this notice." CP at 4 (emphasis added).

### REVIEW OF TRIAL COURT'S DENIAL OF MORELLO'S MOTION

¶17 Former MAR 7.1 (2001) provides, in part:

> Within 20 days after the arbitration award is filed with the clerk, any aggrieved party not having waived the right to appeal may serve and file with the clerk a written request for a trial de novo in the superior court along with proof that a copy has been served upon all other parties appearing in the case. The 20-day period within which to request a trial de novo may not be extended.

¶18 This rule expressly requires the aggrieved party to serve and file two documents with the clerk: (1) a written request for a trial de novo in the superior court and (2) proof that a copy has been served upon all other parties appearing in the case. "One act, in short, is not complete without the other. That . . . is made manifest by the clear language of MAR 7.1(a) to the effect that the request for a trial de novo be filed 'along with' proof of service." *Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 813-14, 947 P.2d 721 (1997)

(interpreting former MAR 7.1(a) (1989), which is substantively similar to former MAR 7.1(a) (2001)). We require strict compliance with the service and proof of service provisions of MAR 7.1(a). *Nevers*, 133 Wn.2d at 811-12.

¶19 The majority concludes the trial court's findings are supported because when Vonda's counsel filed proof of service, along with her trial request, at 3:42 p.m., she stated that she "had served" Morello. Majority at 850. It also concludes that the record supports the trial court's finding that actual service was not made until 4:20 p.m. by a process server, not Vonda's counsel. Majority at 850. But then the majority finds no support for the trial court's finding that no proof of the actual receipt of Vonda's request for trial de novo was filed within the time allowed by MAR 7.1(a). *See* majority at 850.

¶20 The majority reasons that Vonda's Certificate of Service provides " 'some evidence of the time, place, and manner of service.' " Majority at 851 (emphasis omitted) (quoting *Alvarez v. Banach*, 153 Wn.2d 834, 838, 109 P.3d 402 (2005)). The Certificate of Service would provide such evidence if the trial court had not found in its unchallenged and uncontested findings that Morello's counsel had *not* been served before Vonda's counsel filed the trial de novo request at 3:42 p.m. In fact, counsel's 3:42 p.m. affidavit of service was false. Morello's counsel was not served until 4:20 p.m. on May 11, the service was by a courier, not Vonda's counsel, and Vonda could not, and did not, file another request for trial de novo with proof of service after actual service on Morello's counsel. And failure to file proof of service within the 20-day period is fatal to a MAR 7.1(a) request for trial de novo. *Nevers*, 133 Wn.2d at 815.

¶21 Implicit in the majority's reasoning is that a false affidavit of service strictly complies with MAR 7.1(a). Because I find it difficult to believe that the Supreme Court, when crafting the language of MAR 7.1(a), intended that any affidavit of service, true or false, would satisfy the rule, I disagree; counsel's affidavit of a service that had not occurred cannot satisfy the rule.

¶22 Our Supreme Court reversed this court in *Alvarez*, 153 Wn.2d at 840, and explained:

> We employed the past tense when we promulgated the rule, which provides that the request for a trial de novo must be filed in superior court "along with proof that a copy *has been served* upon all other parties appearing in the case." MAR 7.1(a) (emphasis added).

¶23 Vonda failed to file proof of service after the actual service on Morello's counsel. We should reverse and remand for the trial court to strike Vonda's request for a trial de novo.